1 Gillian M. Ross (Bar No. 127116)
Leonard A. Marquez (Bar No. 206885)
2 **WENDEL, ROSEN, BLACK & DEAN LLP**
1111 Broadway, 24th Floor
3 Oakland, CA 94607-403
Telephone: (510) 834-6600
4 Fax: (510) 834-1928

5 Attorneys for Defendants
D.R. Horton, Inc., DHI Mortgage Company, Ltd,
6 LP., Donald Horton, Donald Tomnitz, Michael
Mason, Daniel Callihan, Annie Schankin and James
7 Frasure

8                   UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                   SAN FRANCISCO DIVISION

11

12

13 PATRICE A. MISSUD, JULIE D.          Case No.  C07-2625 JL
MISSUD,
14                                       **NOTICE OF MOTION AND MOTION TO**
                Plaintiff,              **DISMISS; MEMORANDUM OF POINTS**
15                                       **AND AUTHORITIES IN SUPPORT OF**
        vs.                             **MOTION TO DISMISS**
16
D.R. HORTON, INC.; DHI MORTGAGE        **[Fed. R. Civ. Proc. 12(b)(2), (6)]**
17 COMPANY, LTD, LP.; DONALD
HORTON; DONALD TOMNITZ;                Date:       September 5, 2007
18 MICHAEL MASON; DANIEL               Time:       9:30 a.m.
CALLIHAN; ANNIE SCHANKIN;             Judge:      Hon. James Larson
19 JAMES FRASURE; and DOES 1-200,

20                Defendants.

21

22

23

24

25

26

27

28

012312.0140;814993.1

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, CA  94607-4036

1

# TABLE OF CONTENTS

2

**Page**

3

NOTICE OF MOTION AND MOTION TO DISMISS ................................................. 1

4

MEMORANDUM OF POINTS AND AUTHORITIES ........................................... 3

5

I.   INTRODUCTION ................................................................. 3

6

II.   FACTUAL AND PROCEDURAL BACKGROUND ........................................ 4

7

    A.   Missud's Purchase Of A Nevada Home And His First Lawsuit ............................ 4

8

    B.   Missud Re-files The Same Lawsuit Which Is Again Dismissed For Lack Of Personal Jurisdiction In California ................................................ 6

9

    C.   Missud Files A Third Lawsuit In The Superior Court Alleging Fraud And Other Wrongdoing Which Is Also Dismissed For Lack Of Personal Jurisdiction ................................................................ 7

10

    D.   After His First Three State Court Lawsuits Were Dismissed, Missud Files This Federal Lawsuit ................................................. 7

11

12

III.   LEGAL ARGUMENT ............................................................ 7

13

    A.   The Court Should Dismiss Plaintiffs' Complaint Because Of The Lack Of Personal Jurisdiction ................................................... 7

14

        1.   A Motion To Dismiss Is The Proper Procedure To Challenge Personal Jurisdiction ................................................ 7

15

        2.   This Court Does Not Have Personal Jurisdiction Over Defendants D.R Horton, Inc. and DHI Mortgage Company, Ltd. ................................ 8

16

        3.   This Court Does Not Have Personal Jurisdiction Over The Individual Defendants ................................................ 10

17

        4.   Plaintiffs Are Collaterally Estopped From Relitigating The Issue Of Personal Jurisdiction In This Court ...................................... 10

18

19

    B.   In The Alternative, Plaintiffs' Complaint Should Be Dismissed On The Grounds Of Forum Non Conveniens ...................................... 12

20

    C.   Plaintiffs' State Law Causes Of Action Are Barred By The Applicable Statutes Of Limitations. ........................................... 14

21

        1.   The Defense Of Statute Of Limitations Is Properly Raised By A Motion To Dismiss Pursuant To FRCP Rule 12(b)(6) ........................ 14

22

        2.   Plaintiffs' First, Second, And Third Causes Of Action Are Barred By The Statute Of Limitations As Set Forth In California Code of Civil Procedure Section 338 .................................... 15

23

24

        3.   Plaintiffs' Sixth And Seventh Causes Of Action Are Barred By The Statute Of Limitations As Set Forth In Code Of Civil Procedure Section 335.1 ............................................ 16

25

26

27

28

1

**TABLE OF CONTENTS**
(continued)

2

Page

3
            4.      The Running Of The Statute Of Limitations On Plaintiffs' State
                    Law Causes Of Action Were Not Tolled By The State Court

4
                    Lawsuits .................................................................................................. 17

5   IV.     CONCLUSION ............................................................................................. 17

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

## CASES

*A.I. Trade Finance, Inc v. Petra International Banking Corporation*,
  62 F.3d 1454, 1458 (D.C.Cir. 1995) ...................................................................... 15

*Balistreri v. Pacifica Police Dept.*,
  901 F.2d 696, 699 (9th Cir. 1990)........................................................................ 14

*Bennett v. Hibernia Bank*,
  47 Cal.2d 540, 559 (1956) .................................................................................... 15

*Berry v. Chrysler Corp.*,
  150 F.2d 1002, 1003 (6th Cir. 1945)..................................................................... 14

*Burger King Corp. v. Rudzewicz*,
  471 U.S. 462, 478 (1985) ........................................................................................ 9

*Calder v. Jones*
  465 U.S. 783, 790 (1984)....................................................................................... 10

*Cantu v. Resolution Trust Corp.*,
  4 Cal.App.4th 857, 889 (1992) .............................................................................. 17

*Coscia v. McKenna & Cuneo*,
  25 Cal.4th 1194, 1201 n.1 (2001) ......................................................................... 11

*Falsetti v. United Mine Workers*,
  355 F.2d 658, 662 (3rd Cir. 1966) ........................................................................ 17

*Foote v. Public Housing Com'r*,
  107 F. Supp. 270, 273 (W.D.Mich. 1952) ............................................................ 15

*Ford v. Sharp*,
  758 F.2d 1018, 1023-1024 (5th Cir. 1985) ........................................................... 17

*Gulf Oil Corp. v. Gilbert*,
  330 U.S. 501, 508 (1947)....................................................................................... 13

*Hanson v. Denckla*,
  357 U.S. 235, 251 (1958)......................................................................................... 8

*Ileto v. Glock, Inc.*,
  349 F.3d 1191, 1200 (9th Cir. 2003)..................................................................... 14

*International Shoe Co. v. State of Washington*,
  326 U.S. 310, 316 (1945)......................................................................................... 8

*International Union of Operating Engineers v. Fischbach and Moore, Inc.*,
  350 F.2d 936, 938-939 (9th Cir. 1965) ................................................................. 15

*Keeton v. Hustler Magazine, Inc.*
  465 U.S. 770, 781 (1984)....................................................................................... 10

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, CA  94607-4036

*NOTICE OF MOTION AND MOTION TO DISMISS; MPA
IN SUPPORT OF MOTION TO DISMISS
Case No. C07 2625*

-iii-

*Kendall v. Overseas Development Corporation*,
    700 F.2d 536, 538 (9th Cir. 1983) ........................................................................ 12

*Lops v. Lops*,
    140 F.3d 927, 937 (11th Cir.1998) ........................................................................ 12

*Lueck v. Sundstrand Corp.*,
    236 F.3d 1137, 1142 (9th Cir. 2001) ................................................................ 12, 13

*McGlinchy v. Shell Chemical Co.*,
    845 F.2d 802, 816 (9th Cir. 1988) .......................................................................... 9

*Navarro v. Block*,
    250 F.3d 729, 732 (9th Cir. 2001) ........................................................................ 14

*Olsen v. Spokane County Sheriff*,
    2007 WL 527479 at *1 (E.D.Wash. 2007) ............................................................ 17

*Pareto v. F.D.I.C.*,
    139 F.3d 696, 699 (9th Cir. 1998) ........................................................................ 14

*People v. Sims*,
    32 Cal.3d 468, 484 (1982) .................................................................................... 11

*Piper Aircraft Co. v. Reyno*
    454 U.S. 235, 241 (1981) ...................................................................................... 13

*R.E. Sanders & Co. v. Lincoln-Richardson*
    108 CalApp.3d 71, 80 (1980) ................................................................................. 9

*Sperling v. White*,
    30 F.Supp.2d 1246, 1253 (C.D.Cal. 1998) ............................................................ 17

*Taylor v. Portland Paramount Corp.*,
    383 F.2d 634, 639 (9th Cir. 1967) .......................................................................... 8

*World-Wide Volkswagen Corp. v. Woodson*,
    444 U.S. 286, 291 (1980) ........................................................................................ 8

**STATUTES**

Cal. Code Civ. Proc. § 338(d) .................................................................................. 15

Cal. Code Civ. Proc., § 335.1 .................................................................................. 16

Nev. Rev. Stat. § 11.190 .......................................................................................... 15

Federal Rules of Civil Procedure
    Rule 12(b)(2) ....................................................................................... 1, 3, 8
    Rule 12(b)(6) ......................................................................................... 1, 15

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, CA 94607-4036

012312.0140/814993.1

1

**OTHER AUTHORITIES**

2

32A Am. Jur.
    (2d Ed. 2007), Federal Courts, § 628 ........................................................................ 8

3

Haning, et al., *Cal. Prac. Guide: Personal Injury*
    (The Rutter Group 2006), § 5:123 ........................................................................... 16

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, CA  94607-4036

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, CA 94607-4036

1    **NOTICE OF MOTION AND MOTION TO DISMISS**

2    TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

3    PLEASE TAKE NOTICE that on September 5, 2007, at 9:30 a.m., or as soon thereafter as

4    the matter may be heard before the Honorable James Larson, in Courtroom F, 15th Floor,  United

5    States District Court, 450 Golden Gate Avenue, San Francisco, California, defendants D.R.

6    Horton, Inc., DHI Mortgage Company, Ltd., Donald Horton, Donald Tomnitz, Michael Mason,

7    Daniel Callihan, Annie Schankin and James Frasure (collectively, the "Defendants"), will and

8    hereby do move this Court for an order dismissing plaintiffs Patrice A. Missud and Julie D.

9    Missud's (collectively, the "Plaintiffs") complaint as against the moving Defendants pursuant to

10    Rule 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure.

11    This motion is based upon this Notice of Motion and Motion to Dismiss, the

12    Memorandum of Points and Authorities, the Declarations of David Morice, James Frasure, Daniel

13    Callihan, Michael Mason, Annie Schankin and Gillian M. Ross and the Request for Judicial

14    Notice filed in support hereof, all pleadings and papers filed herein, any reply papers filed in

15    support of this motion, and upon such further argument and evidence as may be presented at the

16    hearing on this motion.

17    This motion is made on the grounds that there is no personal jurisdiction by this Court

18    over Defendants with respect to the claims alleged by the Plaintiffs in the pending complaint and

19    that Plaintiffs are collaterally estopped from re-litigating the issue of personal jurisdiction in this

20    Court.  Defendants request that the Court dismiss Plaintiffs' complaint pursuant to Rule 12(b)(6)

21    of the Federal Rules of Civil Procedure for lack of personal jurisdiction over the Defendants.  In

22    the alternative, Defendants request that the Court dismiss the pending complaint against all

23    Defendants on the grounds of forum non conveniens.

24    / / /

25    / / /

26    / / /

27    / / /

28    / / /

*NOTICE OF MOTION AND MOTION TO DISMISS; MPA*
*IN SUPPORT OF MOTION TO DISMISS*                    -1-
*Case No. C07 2625*

1        This motion is also made on the grounds that Plaintiffs' complaint fails to state a viable

2    claim for relief in that Plaintiffs' first, second, third, sixth and seventh causes of action are all

3    time barred by the applicable state law statute of limitations and, therefore fail to state facts

4    sufficient to state a claim against Defendants.  Because Plaintiffs have failed to state facts

5    sufficient to state a claim against Defendants, Defendants request that the complaint be dismissed

6    as against each of them, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

7

8    Dated:  July 30, 2007               WENDEL, ROSEN, BLACK & DEAN LLP

9

10                       By: */s/ Gillian M. Ross*
                           Gillian M. Ross

11                         Attorneys for Defendants
                           D.R. Horton, Inc., DHI Mortgage

12                         Company, Ltd., Donald Horton, Donald
                           Tomnitz, Michael Mason, Daniel Callihan,

13                         Annie Schankin and James Frasure

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, CA  94607-4036

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, CA 94607-4036

1    **MEMORANDUM OF POINTS AND AUTHORITIES**

2    **I.    INTRODUCTION**

3        By this motion, defendants D.R. Horton, Inc., DHI Mortgage Company, Ltd., Donald

4    Horton, Donald Tomnitz, Michael Mason, Daniel Callihan, Annie Schankin and James Frasure

5    (collectively, the "Defendants") request that the Court dismiss the complaint filed by plaintiffs

6    Patrice A. Missud ("Missud") and Julie D. Missud (collectively, the "Plaintiffs") pursuant to Rule

7    12(b)(2) of the Federal Rules of Civil Procedure for lack of personal jurisdiction over the

8    Defendants in this Court.

9        This lawsuit is the latest in a series of suits filed by Missud.  All three of his earlier state

10   court lawsuits stemmed from the Plaintiffs' purchase of a home in Nevada.  Missud's first two

11   lawsuits alleged that he suffered emotional distress as a result of receiving a letter advising him

12   that he had not completed certain lender requirements to obtain full loan approval and risked

13   forfeiture of his deposit.  Although all of Missud's alleged claims arose out of his purchase of a

14   home in Nevada, Missud brought his lawsuits in San Francisco, California.  Those state court

15   lawsuits were dismissed by the San Francisco Superior Court for lack of personal jurisdiction.

16   Plaintiffs filed a third lawsuit, again in the San Francisco Superior Court, alleging that the

17   Defendants defrauded the Plaintiffs.  Plaintiffs' complaint was a vague and rambling narrative of

18   supposed wrongdoing by Defendants.  The Superior Court dismissed this third lawsuit for lack of

19   personal jurisdiction as well.

20       After a lengthy two year saga of litigation in the state courts—involving no less than five

21   separate motions to quash and numerous other motions besides—resulting in all three of Missud's

22   lawsuits being dismissed for lack of personal jurisdiction, Plaintiffs have now filed this federal

23   lawsuit.  This latest lawsuit is based upon the same transaction and interstate contacts alleged in

24   the earlier state court lawsuits.  Like Missud's earlier lawsuits, the transaction at issue in this

25   action is the purchase of the Nevada home and Missud's loan application.  Those grounds for

26   jurisdiction in California have been unequivocally rejected by the Superior Court in ruling on the

27   motions to quash brought by the Defendants in the state court lawsuits and Plaintiffs are

28   collaterally estopped from re-litigating the issue of personal jurisdiction in this Court.

*NOTICE OF MOTION AND MOTION TO DISMISS; MPA*
*IN SUPPORT OF MOTION TO DISMISS -*        - 3 -
*Case No. C07 2625*

1    In the alternative, should the Court find jurisdiction as to any of the Defendants, the Court

2    should dismiss this pending lawsuit on the grounds of forum *non conveniens*.  The corporate

3    defendants are subject to jurisdiction in the state of Nevada and all of the individual defendants

4    with any involvement with the transaction reside there.  Conducting discovery proceedings in

5    California would be unduly burdensome.  The state of Nevada has the greatest interest in the

6    regulation of the conduct of buyers and sellers of homes in that state.

7    Lastly, Defendants move to dismiss Plaintiffs' fraud and emotional distress causes of

8    action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Those claims are all

9    time barred by the applicable state court statute of limitations and should be dismissed.

10   **II.    FACTUAL AND PROCEDURAL BACKGROUND**

11   **A.    Missud's Purchase Of A Nevada Home And His First Lawsuit**

12   On or about August 22, 2005, Missud filed his complaint entitled *Patrice A. Missud v. DR

13   Horton, et al.*, Case No. 05-444247 (the "First Lawsuit") in the San Francisco Superior Court.

14   Declaration of Gillian M. Ross ("Ross Decl."), ¶2; Request for Judicial Notice ("RJN"), **Exhibit

15   JN1**.  Missud's complaint in the First Lawsuit alleged two causes of action, both for infliction of

16   emotional distress.  *Id.*  Missud and Julie E. Missud entered into an Offer and Acceptance and

17   Receipt for Deposit (the "Purchase Agreement") to purchase a residence located at 1353

18   Romanesca Drive, Henderson, Nevada.  Declaration of David T. Morice ("Morice Decl."), ¶4 and

19   **Exhibit A** thereto.  The seller was defendant D.R. Horton, Inc. and the lender was DHI Mortgage

20   Company, Ltd. ("DHI Mortgage").  Morice Decl., ¶¶4 and 5.

21   On or about October 13, 2005, the defendants in the First Lawsuit filed a Motion to Quash

22   Service of Summons and Complaint and/or to Stay or Dismiss on the Grounds of Forum *Non

23   Conveniens*.  Ross Decl., ¶3.  The defendants' Motion to Quash sought to quash service of

24   summons on the defendants because they are not subject to the jurisdiction of a California court.

25   *Id*.  The defendants' Motion to Quash also sought to stay or dismiss the action because California

26   is a forum *non conveniens*, since the lawsuit arose out of a Nevada transaction and all material

27   witnesses and parties are located in Nevada.  *Id.*

28

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, CA  94607-4036

*NOTICE OF MOTION AND MOTION TO DISMISS; MPA
IN SUPPORT OF MOTION TO DISMISS -
Case No. C07 2625*                    - 4 -

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, CA 94607-4036

1    D.R. Horton, Inc., a Delaware corporation, is a home builder that constructs and sells high

2    quality single family homes. Morice Decl., ¶3. D.R. Horton, Inc. is qualified to and does

3    business in Nevada. *Id*. D.R. Horton, Inc. is not qualified to and does no business in California.

4    *Id.*

5    D.R. Horton, Inc., like many home builders, has in-house lending companies to assist

6    homebuyers with their mortgage needs. Morice Decl., ¶5. This service is offered as a

7    convenience to prospective homebuyers who can use other lenders if they prefer. Declaration of

8    Michael Mason ("Mason Decl."), ¶4.

9    DHI Mortgage, formerly known as CH Mortgage Company I, Ltd., was the in-house

10    lending company involved in the sale to Missud. Morice Decl., ¶5. DHI Mortgage Company,

11    Ltd. is a Texas limited partnership and a wholly owned subsidiary of D.R. Horton, Inc. *Id*. at ¶6.

12    At the time of the home sale to Plaintiffs, CH Mortgage Company I, Ltd. ("CH Mortgage")

13    operated in the state of Nevada where Missud purchased the Henderson, Nevada home. *Id*.

14    Missud's loan application was originated by Michael Mason, a loan officer at CH

15    Mortgage. Mason Decl., ¶¶2 and 3. On February 12, 2004, a notice was sent to Missud from

16    D.R. Horton, Inc. advising him that he had not completed lender requirements to obtain full loan

17    approval and if he did not to respond to the notice, D.R. Horton, Inc. had the discretion to cancel

18    the Purchase Agreement and keep the earnest monies and his deposit. *Id*. at ¶5 and **Exhibit A**

19    thereto. Missud's loan application was approved but subsequently Missud obtained a loan from a

20    third party. Escrow on the property closed on March 3, 2004. *Id.* at ¶6.

21    Missud claimed, however, that due to the receipt of the February 12, 2004 notice

22    reminding him that certain of the loan requirements had not yet been received, he experienced

23    several abdominal pain and nausea and was allegedly admitted to an emergency room for

24    treatment. *See*, Complaint in First Lawsuit, ¶11, RJN, **Exhibit JN1**. Missud filed his complaint

25    in the First Lawsuit in San Francisco, California, even though the transaction occurred in Nevada,

26    the property is located in Nevada and the seller, D.R. Horton, Inc., does no business in California.

27    The defendants filed a motion to quash in the First Lawsuit which was sustained by the

28    Superior Court on November 9, 2005. Ross Decl., ¶¶3 and 4 and RJN, **Exhibit JN2**.

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, CA 94607-4036

1  Subsequently, a dismissal of the First Lawsuit was entered on the Superior Court's docket on

2  November 14, 2005.  *Id.* at ¶5.

3
4  **B.      Missud Re-files The Same Lawsuit Which Is Again Dismissed For Lack Of Personal Jurisdiction In California**

5          On December 9, 2005, Missud filed his second emotional distress lawsuit (the "Second

6  Lawsuit").  Ross Decl., ¶6 and RJN, **Exhibit JN3**.  After Missud attempted to serve the

7  defendants with the complaint in the Second Lawsuit, the defendants brought another motion to

8  quash.  Ross Decl., ¶7.  The motion was granted as to defendants DHI Mortgage, Michael Mason,

9  Daniel Callihan and Annie Schankin for failure to properly effect service of process on those

10  defendants.  Ross Decl., ¶8 and Order entered April 26, 2006, p. 3, RJN, **Exhibit JN4**.  Defendant

11  D.R. Horton, Inc. agreed to waive the defective service of process to permit the Superior Court to

12  proceed to consider the merits of its arguments regarding lack of personal jurisdiction and the

13  Superior Court ruled on the merits that there is no personal jurisdiction over D.R. Horton, Inc.

14  Ross Decl., ¶8; RJN, **Exhibit JN4**.

15          Subsequently, defendants were served by Missud with a series of motions file-endorsed

16  July 21, 2006, including his Motion to Rule on Jurisdiction over Remaining Defendants under

17  Code of Civil Procedure sections 415.10, 20 and 473, a motion for sanctions and a motion to

18  consider Missud's late filed proposed form of order on the second motion to quash.  Ross Decl.,

19  ¶9.  All three of Missud's motions were denied by the Court on or about August 30, 2006.  *Id.*;

20  RJN, **Exhibit JN5**.

21          A third motion to quash service of the summons and complaint was filed by the remaining

22  defendants in the Second Lawsuit, DHI Mortgage, Michael Mason, Daniel Callihan and Annie

23  Schankin.  Ross Decl., ¶10.  That motion was granted by the Superior Court on September 13,

24  2006.  *Id.*; RJN, **Exhibit JN6**.  The Court found that Mr. Missud failed to establish effective

25  service of process.  *Id.*

26          After Missud renewed his efforts to serve the remaining defendants in the Second

27  Lawsuit, a fourth motion to quash was filed.  Ross Decl., ¶11.  On January 11, 2007, the Court

28

1    granted the motion and ordered the Second Lawsuit be dismissed, finding that there is no personal

2    jurisdiction over the remaining defendants.  *Id*.; RJN, **Exhibit JN8**.

### C.    Missud Files A Third Lawsuit In The Superior Court Alleging Fraud And Other Wrongdoing Which Is Also Dismissed For Lack Of Personal Jurisdiction

5    On or about October 23, 2006, Plaintiff Patrice A. Missud filed a Complaint for

6    Fraudulent Inducement, Fraudulent Concealment, Intentional Misrepresentation, Breach of

7    Fiduciary Duty, Declaratory Relief and Restitution (the "Third Lawsuit") on behalf of himself

8    and his wife, Julie Missud against the same defendants.  Ross Decl., ¶12; RJN, **Exhibit JN7.**

9    This Third Lawsuit was also filed in San Francisco Superior Court.  *Id*.  In response, the

10    defendants filed a fifth Motion to Quash on January 19, 2007.  Ross Decl., ¶13.  This motion was

11    granted on February 15, 2007, the Court finding that there is no personal jurisdiction over any of

12    the defendants based on the fraud and other claims in the Third Lawsuit.  Ross Decl., ¶13 and

13    RJN, **Exhibit JN9.**  The Third Lawsuit was dismissed by the Court on February 20, 2007.  Ross

14    Decl., ¶13.

### D.    After His First Three State Court Lawsuits Were Dismissed, Missud Files This Federal Lawsuit

17    The pending Complaint for Fraudulent Inducement, Fraudulent Concealment, Intentional

18    Misrepresentation, Breach of Fiduciary Duty, Breach of Contract, Personal Injury, Violation of

19    USC Title 18 Section 1513, Declaratory Relief and Restitution ("Complaint") was filed by

20    Plaintiff on May 17, 2007 in United States District Court for the Northern Division District of

21    California.  Ross Decl., ¶14 and **Exhibit A** thereto.  The Complaint rehashes the claims set forth

22    in Plaintiff's Third Lawsuit.  Ross Decl., **Exhibit A**, *c.f.*, RJN, **Exhibit JN7**.

## III.    LEGAL ARGUMENT

### A.    The Court Should Dismiss Plaintiffs' Complaint Because Of The Lack Of Personal Jurisdiction.

#### 1.    A Motion To Dismiss Is The Proper Procedure To Challenge Personal Jurisdiction.

27    In order for an action based on diversity of citizenship between the parties to be

28    maintained in a federal court, the court must have personal jurisdiction over the parties involved.

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, CA  94607-4036

1   32A Am. Jur. (2d Ed. 2007), Federal Courts, § 628.  Rule 12(b)(2) of the Federal Rules of Civil

2   Procedure provides that if a defendant seeks to challenge the court's personal jurisdiction over it,

3   the defendant may file a motion pursuant to Rule 12.  Fed. R. Civ. Proc. 12(b)(2).

### 2. This Court Does Not Have Personal Jurisdiction Over Defendants D.R. Horton, Inc. and DHI Mortgage Company, Ltd.

6          [A] state court may exercise personal jurisdiction over a nonresident defendant only so

7   long as there exist "minimum contacts" between the defendant and the forum.  *World-Wide*

8   *Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980).  As the Court observed in *International*

9   *Shoe Co. v. State of Washington*: "in order to subject a defendant to a judgment in personam, if he

10  be not present within the territory of the forum, he [must] have certain minimum contacts with it

11  such that the maintenance of the suit does not offend 'traditional notions of fair play and

12  substantial justice.'"  *International Shoe Co. v. State of Washington*, 326 U.S. 310, 316 (1945).

13  "However minimal the burden of defending in a foreign tribunal, a defendant may not be called

14  upon to do so unless he has had the 'minimal contacts' with the State that are a prerequisite to its

15  exercise of power over him."  *Hanson v. Denckla*, 357 U.S. 235, 251 (1958).  It has long been

16  established in federal court that the party asserting jurisdiction "has the burden of establishing it if

17  his allegations are challenged in any appropriate manner [by the nonresident defendant]. ... In

18  such a case, facts, not mere allegations, must be the touchstone."  *Taylor v. Portland Paramount*

19  *Corp.*, 383 F.2d 634, 639 (9th Cir. 1967).

20         The requisite minimum contacts for a California court to exercise personal jurisdiction

21  over defendants D.R. Horton, Inc. and DHI Mortgage do not exist.  D.R. Horton, Inc. is a

22  Delaware corporation.  Morice Decl., ¶3.  Its headquarters are in Texas.  *Id*.  It conducts no

23  business in California.  *Id*.  Missud's lender, DHI Mortgage, formerly CH Mortgage, is a Texas

24  limited partnership.  *Id*. at ¶6.  CH Mortgage operated in the state of Nevada, where Missud

25  purchased the Henderson, Nevada home.  *Id*.  Missud dealt directly with the seller's (D.R.

26  Horton, Inc.) and the lender's (CH Mortgage) employees located in Nevada, not any in-state

27  agent located in California.  *See*, Complaint, ¶22, p. 13, ln. 11 *et seq*., Ross Decl., **Exhibit A**; *see*

28

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, CA  94607-4036

1  *also*, Mason Decl., ¶¶2-6.  There is no evidence that any representatives of any of the defendants

2  ever came to California in connection with the transaction.  *Id.*

3      The mere fact that the contract and loan materials in connection with Plaintiffs' purchase

4  of a home in Nevada were sent to them in California does not establish personal jurisdiction.  **"If**

5  **the question is whether an individual's contract with an out-of-state party alone can**

6  **automatically establish sufficient minimum contacts in the other party's home forum, ... the**

7  **answer clearly is that it cannot."**  *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 478 (1985)

8  (emphasis added).  Furthermore, as the Ninth Circuit observed in *McGlinchy v. Shell Chemical*

9  *Co.*, **"the formality of signing the contract in California cannot establish jurisdiction."**

10  *McGlinchy v. Shell Chemical Co.*, 845 F.2d 802, 816 (9th Cir. 1988); *see also*, *R.E. Sanders &*

11  *Co. v. Lincoln-Richardson* 108 CalApp.3d 71, 80 (1980)  (emphasis added).

12      Missud has contended that jurisdiction ought to be found on the basis of alleged interstate

13  communications between him and the employees of D.R. Horton, Inc. and CH Mortgage

14  regarding Missud's Purchase Agreement and loan application.  However, interstate

15  communications made in connection with a contract to be performed outside of the state are

16  insufficient to establish personal jurisdiction.  *McGlinchy v. Shell Chemical Co.*, *supra*, 845 F.2d

17  at 816 (communications via international mail relating to contract execution and termination are

18  insufficient to constitute purposeful availment of California law where nonresident was not

19  alleged to have performed or executed any portion of the contract in California).

20      The *R.E. Sanders* opinion is particularly instructive because there the court considered

21  jurisdiction in the context of a transaction involving the sale of real estate in another state.  The

22  court found that the defendant sellers' contacts with California were only incidental to the

23  plaintiff's efforts to sell certain real property in Missouri.  The *R.E. Sanders* court reviewed the

24  caselaw and observed that the mere fact that telephone calls are made or documents are mail into

25  the state is insufficient to establish jurisdiction where the work or contract at issue is to be

26  performed outside of the state.  *Id.* at 78, *see also*, *McGlinchy v. Shell Chemical Co.*, *supra*, 845

27  F.2d at 816-17.

28

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, CA  94607-4036

Thus, neither of the corporate defendants is subject to personal jurisdiction in California and the Plaintiffs' Complaint should be dismissed as against those defendants.

### 3. This Court Does Not Have Personal Jurisdiction Over The Individual Defendants.

Neither do requisite "minimum contacts" exist as to any of the individual defendants— Donald Horton, Donald Tomnitz, Michael Mason, Daniel Callihan, Annie Schankin and James Frasure. Personal jurisdiction over a foreign corporation does not automatically confer personal jurisdiction over its nonresident employees. *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 781 (1984). When determining if "minimum contacts" exist, each defendant's contacts with the forum state must be assessed individually. *Calder v. Jones,* 465 U.S. 783, 790 (1984).

Here, all three of the individual defendants who were involved with the Missud sale and loan application—defendants Michael Mason, Daniel Callihan and Annie Schankin—live in Nevada and work in Nevada. None has any contacts with the State of California. *See*, Schankin Decl., ¶¶2-4; Callihan Decl., ¶¶2-5; and Mason Decl., ¶¶2, 3, 7 and 8. Ms. Schankin is no longer employed by D.R. Horton, Inc. Schankin Decl., ¶2.

There is even less basis for finding personal jurisdiction over defendants Donald Horton, Donald Tomnitz and James Frasure. None of these defendants had any involvement with Missud's home purchase or loan application. Morice Decl., ¶9; Declaration of James Frasure ("Frasure Decl."), ¶2. Rather, Plaintiffs seek to hold defendants Donald Horton and Donald Tomnitz somehow responsible as corporate officers and directors for the alleged "fraud" perpetrated against Plaintiffs which they allegedly failed to remedy by ensuring "compliance with the law and Company policy." Complaint, ¶¶10, 11, Ross Decl., **Exhibit A**. Likewise, Plaintiffs allege that defendant James Frasure is culpable because by virtue of his alleged supervision of defendant Schankin and Nevada law. *Id*. at ¶15. None of these defendants are even alleged to have had any direct contact with Plaintiffs in California.

The Court should dismiss the Complaint as to all of the individual defendants for lack of personal jurisdiction.

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, CA 94607-4036

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, CA 94607-4036

**4.    Plaintiffs Are Collaterally Estopped From Relitigating The Issue Of Personal Jurisdiction In This Court.**

Under California law, collateral estoppel precludes a party from relitigating issues in a second proceeding when the same issues were determined in a prior proceeding if: (1) the issue necessarily decided in the previous proceeding is identical to the one that is sought to be relitigated; (2) the previous proceeding terminated with a final judgment on the merits; (3) the party against whom collateral estoppel is asserted was a party to or in privity with a party in the previous proceeding. *Coscia v. McKenna & Cuneo*, 25 Cal.4th 1194, 1201 n.1 (2001); *see also*, *People v. Sims*, 32 Cal.3d 468, 484 (1982).

The Superior Court has already ruled that there is no personal jurisdiction over Defendants in a California court. The Superior Court ruled on the merits of the personal jurisdiction issue, finding that defendant D.R. Horton, Inc. was not subject to personal jurisdiction in California:

> Accordingly, Plaintiff has failed to carry his burden to demonstrate the requisite minimum contacts for this Court to exercise personal jurisdiction over defendant D.R. Horton, Inc. with respect to the matters at issue in the pending complaint.

Order entered on April 26, 2006, ¶6, RJN, **Exhibit JN4**. The Court made the same determination on the merits of the jurisdictional issue as to D.R. Horton, Inc. in ruling on the motion to quash as to Plaintiffs' Third Lawsuit. Order entered on February 15, 2007, ¶6, RJN, **Exhibit JN9**.

Likewise, the Superior Court has already ruled that there is no personal jurisdiction over defendants DHI Mortgage, Michael Mason, Daniel Callihan, Annie Schankin. RJN, **Exhibits JN8 and JN9**. The Court rejected Missud's arguments that his dealings with the Nevada based employees of DHI Mortgage (formerly CH Mortgage) was sufficient to impose jurisdiction over them and DHI Mortgage in a California court:

> 2.    The Court finds that plaintiff has failed to effect proper service of process on defendant Annie Schankin and, in any event, plaintiff has failed to demonstrate personal jurisdiction over said defendant. …
>
> 3.    The Court finds that plaintiff failed to demonstrate personal jurisdiction over defendants DHI Mortgage, Michael Mason and Daniel Callihan. **There is no general jurisdiction and Defendants' calls and letters from Nevada in the course of**

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, CA  94607-4036

**negotiating a possible loan application does not create special jurisdiction.** …

Order entered on January 11, 2007, ¶¶2 and 3, RJN, **Exhibit JN8** (emphasis added); see also,

Order entered on February 15, 2007, ¶6, RJN, **Exhibit JN9** (as to the Third Lawsuit).

Plaintiffs' latest complaint is based upon the exact same transaction—the sale of the home

to Plaintiffs and their loan application—and the same alleged interstate contacts giving rise to

Missud's earlier lawsuits.  Whether those alleged contacts give rise to the requisite minimum

contacts was the subject of extensive and repeated briefing in the previous state court proceedings

and decided against Plaintiffs.  Both Missud and his wife (a party to the Third Lawsuit) were

parties to the earlier state court proceedings.  *See*, RJN, **Exhibits JN1, JN3 and JN7**.

Thus, the Plaintiffs are collaterally estopped from re-litigating the issue of personal

jurisdiction in this Court and Defendants' motion to dismiss for lack of personal jurisdiction

should be granted.  *Kendall v. Overseas Development Corporation*, 700 F.2d 536, 538 (9th Cir.

1983) (**"a final determination in the state court on the jurisdictional issue is conclusive in the

subsequent federal litigation if the later suit is between the same parties, on the same issue

…"**) (emphasis added); *see also*, *Lops v. Lops*, 140 F.3d 927, 937 (11th Cir.1998) (state court's

final dismissal or final judgment on personal jurisdiction grounds will be given preclusive effect

in federal court).

### B.    In The Alternative, Plaintiffs' Complaint Should Be Dismissed On The Grounds Of Forum *Non Conveniens*.

Even if the Court were to find personal jurisdiction over any of the Defendants, it has the

discretion to decline to exercise jurisdiction and to dismiss the pending Complaint on the grounds

of forum *non conveniens*.  A district court has discretion to decline to exercise jurisdiction in a

case where litigation in a foreign forum would be more convenient for the parties.  *Lueck v.

Sundstrand Corp.*, 236 F.3d 1137, 1142 (9th Cir. 2001).[1]  In deciding whether to dismiss an

action on forum *non conveniens* grounds, the court must examine:  (1) whether an adequate

---

[1] A district court also has the power to transfer a lawsuit to a different venue on the grounds of forum *non conveniens*.  28 U.S.C. § 1404(a).  If a court finds that "in the interest of justice," an action filed in district court should be adjudicated elsewhere, it may transfer the action on such conditions as may be just.  *Id.*

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, CA 94607-4036

1  alternative forum exists, and (2) whether the balance of private and public interest factors favors

2  dismissal.  *Lueck v. Sundstrand Corp.*, 236 F.3d 1137, 1142 (9th Cir. 2001).

3      Since the cause of action arose out of the purchase of a home in Nevada, it is in the

4  interest of justice that the matter be adjudicated there.  Nevada is a suitable alternative forum, all

5  defendants involved with the transaction are subject to jurisdiction there.  *Id*. at 1143.

6      Additionally the balance of private and public interests requires that the litigation take

7  place in Nevada.  The relevant factors to be considered with respect to private interests of the

8  litigants are set forth by the court in *Piper Aircraft Co. v. Reyno* [454 U.S. 235, 241 (1981)]. The

9  *Piper Aircraft* court considered (1) ease of access to sources of proof, (2) availability of

10  compulsory process for attendance of unwilling witnesses, (3) the cost of obtaining attendance of

11  willing witnesses and (4) all other considerations that would make trial of a case easy, expeditious

12  and inexpensive.  *Id.*; *see also*, *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947).

13      Nevada is the appropriate forum since all of the corporate defendants are subject to

14  jurisdiction in that state and all the individual defendants with any involvement in the Missud

15  transaction reside there.  Most, if not all, of the knowledgeable witnesses will **not** be subject to

16  compulsory process in California and the costs of those witnesses attending trial and appearing

17  for discovery proceedings would be unduly burdensome and could easily be avoided if Plaintiffs'

18  suit is transferred to Nevada.

19      Public interest factors to be considered include administrative difficulties for the courts

20  when litigation is brought in congested centers rather than being handled at its origins, protecting

21  the interest of potential jurors such that they are not called upon to decide cases to which the local

22  community has no relations, and whether the state has an interest in regulating the activities

23  involved.  *Gulf Oil Corp. v. Gilbert*, *supra*, 330 U.S. at 508-09.  Here, Plaintiffs are alleging fraud

24  arising out of a loan application and purchase of a home in Nevada.  It is that state, not California,

25  that has the greatest interest in the transaction and regulating the conduct of the buyers and sellers

26  of homes in Nevada.  Moreover, the parties themselves contractually agreed to a choice of law

27  provision adopting laws of the state of Nevada.  Purchase Agreement, ¶19(i), Morice Decl.,

28  **Exhibit A**.

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, CA 94607-4036

1  Accordingly, the Court should dismiss the pending lawsuit on the grounds of forum *non*

2  *conveniens*.

3  **C.      Plaintiffs' State Law Causes Of Action Are Barred By The Applicable**
4  **Statutes Of Limitations.[2]**

5  It is evident on the face of Plaintiffs' own Complaint that five of their nine claims are

6  time-barred by the applicable (state) statutes of limitations.  Therefore, Plaintiffs are not entitled

7  to relief under their first, second, third, sixth and seventh causes of action.  In the event that the

8  Court finds any of the Defendants subject to personal jurisdiction in this Court, the Court should

9  dismiss those time-barred causes of action against such Defendants.

10  **1.      The Defense Of Statute Of Limitations Is Properly Raised By A**
11  **Motion To Dismiss Pursuant To FRCP Rule 12(b)(6).**

12  A motion to dismiss under Federal Rule of Civil Procedure, Rule 12(b)(6), tests the

13  sufficiency of the complaint.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  A motion to

14  dismiss for failure to state a claim is properly granted if a cause of action lacks a cognizable legal

15  theory, or there is an absence of sufficient facts alleged under a cognizable legal theory.

16  *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).  For purposes of a motion

17  to dismiss for failure to state a claim, the factual allegations in the complaint are assumed to be

18  true.  *Id.*  Reasonable inferences from those factual allegations are also taken to be true.  *Pareto v.*

19  *F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998).  That said, legal conclusions need not be taken as

20  true merely because they are alleged as factual allegations.  *Ileto v. Glock, Inc.*, 349 F.3d 1191,

21  1200 (9th Cir. 2003).

22  The defense of statute of limitations is covered by subdivision (6) of Rule 12(b), and is

23  thus properly raised by a motion to dismiss.  *Berry v. Chrysler Corp.*, 150 F.2d 1002, 1003 (6th

24  Cir. 1945).  **"When the allegations of the complaint show that a suit has not been brought**

25  **within the statutory period, the defense of the statute of limitations may be raised under**

26  _____

27  [2] By making the following arguments in the alternative, Defendants do not intend to waive their
jurisdictional defenses or to consent to the jurisdiction of the Court. Fed. R. Civ. Proc. 12(b)
28  ("No defense or objection is waived by being joined with one or more other defenses or
objections in a responsive pleading or motion").

*NOTICE OF MOTION AND MOTION TO DISMISS; MPA
IN SUPPORT OF MOTION TO DISMISS -
Case No. C07 2625*

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, CA 94607-4036

1  **Rule 12(b)(6) by motion to dismiss, on the ground that the complaint fails to state a claim**

2  **upon which relief can be granted.”** *Foote v. Public Housing Com'r*, 107 F. Supp. 270, 273

3  (W.D.Mich. 1952) (emphasis added).

4       In diversity cases, federal courts apply the same statute of limitations as would be applied

5  in a state court. *A.I. Trade Finance, Inc v. Petra International Banking Corporation,* 62 F.3d

6  1454, 1458 (D.C.Cir. 1995) (“the statute of limitations is substantive; therefore, a federal court

7  sitting in diversity looks to state law to determine whether a cause of action based upon state law

8  has expired”).  Where there is no specifically prescribed federal statute of limitations, federal

9  courts will apply the state statute of limitations. *International Union of Operating Engineers v.*

10  *Fischbach and Moore, Inc.,* 350 F.2d 936, 938-939 (9th Cir. 1965).

11          **2.**      **Plaintiffs' First, Second, And Third Causes Of Action Are Barred By**
                 **The Statute Of Limitations As Set Forth In California Code of Civil**

12                   **Procedure Section 338.**[3]

13       Plaintiff alleges three types of fraud against Defendant—Fraud in the Inducement,

14  Fraudulent Concealment, and Intentional Misrepresentation.  Code of Civil Procedure section

15  338(d) requires that an action in fraud be brought within three years of discovery of the alleged

16  fraud, or within three years from the time the plaintiff should have discovered the alleged fraud

17  through reasonable diligence.  Code Civ. Proc. § 338(d); *Bennett v. Hibernia Bank*, 47 Cal.2d

18  540, 559 (1956).

19       By Plaintiffs' own admission, Plaintiffs discovered Defendants' alleged fraud at least as

20  far back as February 19, 2004.  Plaintiff states, “[o]n or about February 19, 2004, D.R. Horton

21  Inc. received Plaintiff's certified, return receipt letter detailing the extensive **fraud** regarding the

22  transaction for the Property.”  Complaint for Fraudulent Inducement, Fraudulent Concealment,

23  Intentional Misrepresentation, Breach of Fiduciary Duty, Breach of Contract, Personal Injury,

24

25  [3] The Purchase Agreement is governed by Nevada law and Defendants have not, at this stage of
the proceedings, conducted a choice of law analysis to determine whether or not Nevada law

26  would govern the Plaintiffs' non-contract tort claims as well.  Nonetheless, the relevant statute of
limitations periods are the same under Nevada law.  A cause of action for fraud must be

27  brought within three years of discovery of the facts giving rise to the claim.  Nev. Rev. Stat. §
11.190(3)(d).  The statute of limitations for a cause of action for infliction of emotional distress is

28  two years.  Nev. Rev. Stat. § 11.190(4)(e).

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, CA 94607-4036

1  Violation of USC Title 18 Section 1513, and Declaratory Relief ("Complaint"), p. 6, lns. 19-20;

2  (emphasis added).

3      Plaintiffs filed this Complaint on May 17, 2007.  Because Plaintiffs' Complaint was filed

4  more than three years after they discovered Defendants' alleged fraud, all of Plaintiffs' fraud

5  causes of action are barred by the statute of limitations of Section 338(d).

6          **3.      Plaintiffs' Sixth And Seventh Causes Of Action Are Barred By The**
           **Statute Of Limitations As Set Forth In Code Of Civil Procedure**
7          **Section 335.1.**

8      Both Plaintiffs' sixth cause of action for intentional infliction of emotional distress

9  ("IIED") and their seventh cause of action for negligent infliction of emotional distress ("NIED")

10 are barred by the statute of limitations.  Both causes of action are subject to the two year statute of

11 limitations set forth in Code of Civil Procedure section 335.1.  Code Civ. Proc., § 335.1; *see*,

12 Haning, et al., *Cal. Prac. Guide: Personal Injury* (The Rutter Group 2006), § 5:123.

13     The allegedly wrongful act giving rise to the claims for emotional distress was the sending

14 of the **February 19, 2004** letter, which is alleged to have caused plaintiff "severe emotional

15 distress."  Complaint, ¶¶23 (p. 13, lns. 23-26), 77-79, 83 and 85.  Under the sixth cause of action

16 for IIED, Plaintiffs allege that "Defendants knew that the statements within **the certified letter**

17 that the Plaintiffs had 'failed to fulfill lender requirements within the terms of the Contract' **were**

18 **fraudulent . . . and caused him [Plaintiff Missud] severe emotional distress.**"  Complaint,

19 ¶¶76 and 77 (emphasis added).  Under the seventh cause of action for NIED, Plaintiffs claim that,

20 "Defendants knew that the statements within **the certified letter** that the Plaintiffs had failed to

21 fulfill lender requirements within the terms of the Contract were reckless, and inadequately

22 reviewed ... and sending them to Plaintiff Patrick Missud in a certified letter **caused him severe**

23 **emotional distress**."  Complaint, p. 25, lns. 17-19, and 21-22 (emphasis added).

24     Plaintiffs filed this lawsuit on May 17, 2007, well more than two years after any cause of

25 action for emotional distress would have accrued as a result of the receipt of the certified letter on

26 February 19, 2004.  "A cause of action for intentional infliction of emotional distress accrues, and

27 the statute of limitations begins to run, once the plaintiff suffers severe emotional distress as a

28 result of outrageous conduct on the part of the defendant."  *Cantu v. Resolution Trust Corp.*, 4

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, CA  94607-4036

1  Cal.App.4th 857, 889 (1992).  As such, Plaintiffs' sixth and seventh causes of action are barred

2  by the two year statute of limitations of Section 335.1.

3       **4.    The Running Of The Statute Of Limitations On Plaintiffs' State Law**
4            **Causes Of Action Were Not Tolled By The State Court Lawsuits.**

5       Plaintiffs' previous state court lawsuits did not toll the running of the statute of limitations

6  against subsequent actions in federal court.

7       "Absent a savings statute which specifically permits a plaintiff to refile an action after a

8  dismissal not on the merits within a limited period of time (there is no federal savings statute), **the**

9  **law is clear that a dismissal without prejudice leaves the situation the same as if the suit had**

10  **never been brought.**"  *Sperling v. White*, 30 F.Supp.2d 1246, 1253 (C.D.Cal. 1998) (emphasis

11  added and parenthetical in original).  **"[F]or purposes of the statute of limitations, the plaintiff**

12  **receives no credit or tolling for the time that elapsed during the pendency of the original**

13  **suit."**  *Ford v. Sharp*, 758 F.2d 1018, 1023-1024 (5th Cir. 1985) (emphasis added).  Thus,

14  **"[e]ven if a complaint is filed in state court, it does not toll the running of the statute of**

15  **limitations against a subsequent action filed in federal court."**  *Olsen v. Spokane County*

16  *Sheriff*, 2007 WL 527479 at *1 (E.D.Wash. 2007)[4] (emphasis added) citing *Falsetti v. United*

17  *Mine Workers*, 355 F.2d 658, 662 (3rd Cir. 1966).

18       Because Plaintiffs' prior state court actions have been dismissed without prejudice,

19  Plaintiffs are bound by the applicable statutes of limitations.

20  **IV.    CONCLUSION**

21       The Court should grant Defendants' motion to dismiss as to all of the Defendants.  None

22  of the Defendants has sufficient minimum contacts with California to justify the exercise of

23  personal jurisdiction by this Court with respect to the claims alleged in the pending Complaint.

24  The Superior Court has already ruled, **repeatedly**, that there is no personal jurisdiction over any

25  of the Defendants in California arising out of the events surrounding Plaintiffs' purchase of a

26  Nevada home and the attempted loan application.  This latest lawsuit arises from the exact same

27

28  ---
[4] A copy of this case is attached to the Declaration of Gillian Ross for the convenience of the
Court.

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, CA 94607-4036

1  transaction.  Notwithstanding Plaintiffs' vague allegations of a grand conspiracy to defraud the

2  Plaintiffs, this suit is founded on the same alleged contacts between Missud and the Defendants'

3  Nevada based employees.  The parties' contract is governed by Nevada law and most, if not all,

4  of the relevant witnesses reside in Nevada.  Nevada is the forum that has the greatest interest in

5  regulating the conduct of buyers and sellers of homes in that state.  In the alternative, if the Court

6  finds jurisdiction over any of the Defendants, the Court should dismiss this pending lawsuit on

7  the grounds of forum *non conveniens*.  Lastly, even if allowed to proceed in this forum, five of

8  Plaintiffs' nine claims—Plaintiffs' first, second, third, sixth and seventh causes of action—are

9  barred by the applicable state statutes of limitations and must be dismissed.

10

11  Dated:  July 30, 2007                          WENDEL, ROSEN, BLACK & DEAN LLP

12

13                                                By:*/s/Gillian M. Ross*
                                                     Gillian M. Ross
14                                                   Attorneys for Defendants
                                                     D.R. Horton, Inc., DHI Mortgage
15                                                   Company, Ltd., Donald Horton, Donald
                                                     Tomnitz, Michael Mason, Daniel Callihan,
16                                                   Annie Schankin and James Frasure

17

18

19

20

21

22

23

24

25

26

27

28