**EXHIBIT JN3**

**PATRICE A. MISSUD** (SBN 219614)
91 San Juan Ave.
San Francisco, CA, 94112
415-584-7251 ph/fax

ENDORSED
FILED
San Francisco Superior Court
DEC 9 - 2005
GORDON PARK-LI, Clerk
BY: CRISTINA E. BAUTISTA
Deputy Clerk

CASE MANAGEMENT CONFERENCE SET
MAY 1 2 2006  9:00 AM
DEPARTMENT 212

ATTORNEY AND PLAINTIFF

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA
IN AND FOR THE COUNTY OF SAN FRANCISCO
UNLIMITED CIVIL JURSIDICTION

PATRICE A. MISSUD,

Plaintiff

vs.

DR HORTON, A CORPORATION;
DHI MORTGAGE, A CORPORATION;
MICHAEL MASON, AGENT OF DHI MORTGAGE
DANIEL CALLIHAN, AGENT OF DHI MORTGAGE;
ANNE SCHANKIN, AGENT OF DR HORTON;
DOES 1-20

Defendants

Case No. CGC-05-447499

COMPLAINT FOR INTENTIONAL
INFLICTION OF EMOTIONAL
DISTRESS

**UNLIMITED**

---

COMPLAINT FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

PLAINTIFF, PATRICE A. MISSUD, ALLEGES an action based on intentional infliction of emotional distress caused by the defendants:

A. The Superior Courts of California are courts of general jurisdiction and this cause of action has been filed within the two year statute of limitations.

B. California is the proper jurisdiction for this action as it is where the cause of action accrued, the majority of witnesses reside and records exist. Further, all of the defendants are either corporations doing business in California or were corporate agents at the time of the cause of action.

C. The Superior Court of San Francisco is the proper venue as it is in close proximity to where the cause of action accrued, and witnesses and records exist.

I. FIRST CAUSE OF ACTION: RECKLESS AND WANTON INFLICTION OF EMOTIONAL DISTRESS

1. From February 1, 2004 until the present, plaintiff has legally resided at 91 San Juan Avenue, San Francisco, California.

2. On or about February 1, 2004, defendants Anne Schankin, Michael Mason, Daniel Callihan and Does 1-20 were agents and employees of defendant corporations DR Horton [DRH] and affiliate DHI Mortgage [DHI] and in doing the things alleged in this complaint were acting within that agency and employment.

3. On November 22, 2003, plaintiff signed a home purchase contract [contract] for the property located at 1353 Romanesca Drive, Henderson, Nevada, 89052 [property] with DRH which required as a condition that plaintiff apply for a mortgage loan through DHI.

4. The contract discloses that DRH and DHI have a business relationship wherein a referral to DHI by DRH results in financial benefit to DRH.

5. The contract provides that DHI was to receive as a commission on the sale of plaintiff's property 1% of the loan amount calculated to be $3,619.00 plus other fees.

6. The contract also provided that, any failure of the buyer to complete all necessary documents with DHI, or a five day late escrow closing, could result in forfeiture of cash deposits and contract cancellation.

7. On or about January 30, 2004, plaintiff successfully obtained mortgage approval through DHI and other lenders.

8. On February 12, 2004, on or about 6:30 PM plaintiff had numerous direct communications with loan officer Michael Mason and indirectly with supervisor Daniel Callihan in regards to counter offering against an outside lender mortgage company.

9. On February 12, 2004, Anne Schankin drafted a letter claiming that plaintiff had not obtained mortgage approval through DHI and as a result would forfeit cash deposits in the amount of nearly $10,000 and lose the home which had appreciated in excess of $60,000.

10. On February 12, 2004, defendants had over a $75,000 incentive to improperly claim that plaintiff had breached the contract for the property.

11. On February 19, 2004, plaintiff received the February 12, 2004 certified letter and within 3 ½ hours was admitted to Seton Medical Center emergency room experiencing severe abdominal pain and nausea for which he was intravenously administered narcotics for approximately 4 hours.

12. Defendants recklessly and wantonly claimed that plaintiff had breached the home purchase contract by not obtaining mortgage approval through DHI.

13. Defendants knew, or in the exercise of reasonable care, should have known, that their conduct would cause the plaintiff severe mental distress.

14. Defendant's conduct was so severe and outrageous that as a proximate result, plaintiff suffered mental shock resulting in acute and severe bodily harm.

SECOND CAUSE OF ACTION: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS.

1. Plaintiff incorporates by reference paragraphs 1-11, inclusive of the First Cause of Action as if fully set forth below.

2. On or about February 19, 2004 plaintiff, through his agents, notified DRH of his medical condition.

3. February 20, 2004 was the date originally set for closing.

4. Between February 19, 2004 and February 24, 2004, DRH had sent multiple loan addendums to plaintiff's mortgage lender making document preparation for timely closing difficult.

5. February 24, 2004 plaintiff personally tendered performance at the offices of United Title of Nevada, 3980 Howard Hughes Parkway, Las Vegas, NV, 89109, under the influence of narcotics, to prevent defendants' anticipatory repudiation of the contract.

6. February 24, 2004 plaintiff received message from his mortgage lender that another loan addendum had been forwarded which prompted one of plaintiff's many certified written requests to DRH for cooperation.

7. February 25, 2004 plaintiff drafted another letter reminding DRH of his ongoing medical condition.

8. The plaintiff is informed and believes that on or about February 25, 2004, the last of several additional addendums sent by DRH were received and incorporated into the loan by plaintiff's mortgage lender.

9. Defendants intentionally inflicted emotional distress on the plaintiff by sending numerous loan addendums to plaintiff's mortgage lender causing a late closing which would have resulted in forfeiture of cash deposits in the amount of nearly $10,000 and loss of the home which had appreciated in excess of $60,000.

10. Defendant's conduct was so severe and outrageous that as a proximate result, plaintiff suffered mental shock and prolonged distress resulting in acute and severe bodily harm.

WHEREFORE, plaintiff respectfully demands a judgment against defendants, and each of them as follows:

1. compensatory damages,
2. incidental costs,
3. reasonable attorney's fees,
4. punitive damages as the court deems appropriate.

_____                    12-9-05

Patrice Missud                                Dated:

# NOTICE TO PLAINTIFF

A Case Management Conference is set for

    **DATE:**    MAY-12-2006

    **TIME:**    9:00AM

    **PLACE:**    Department 212
                    400 McAllister Street
                    San Francisco, CA 94102-3680

All parties must appear and comply with Local Rule 3.

> CRC 212 (g)(1) requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.
>
> However, it would facilitate the issuance of a case management order **without an appearance** at the case management conference if the case management statement is filed, served and lodged in Department 212 twenty-five (25) days before the case management

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state.

## ALTERNATIVE DISPUTE RESOLUTION POLICY REQUIREMENTS

> IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE PARTICIPATE IN EITHER MEDIATION, JUDICIAL OR NON-JUDICIAL ARBITRATION, THE EARLY SETTLEMENT PROGRAM OR SOME SUITABLE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A MANDATORY SETTLEMENT CONFERENCE OR TRIAL.
> (SEE LOCAL RULE 3)

Plaintiff must serve a copy of the Alternative Dispute Resolution Information Package on each defendant along with the complaint. All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the Alternative Dispute Resolution Information Package prior to filing the Case Management Statement.

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

Superior Court Alternative Dispute Resolution Coordinator
400 McAllister Street, Room 103
San Francisco, CA 94102
(415) 551-3876