# EXHIBIT JN4

```
 1  Gillian M. Ross (Bar No. 127116)
    Leonard E. Marquez (Bar No. 206885)
 2  WENDEL, ROSEN, BLACK & DEAN LLP
    1111 Broadway, 24th Floor
 3  Oakland, CA 94607-4036
    Telephone: (510) 834-6600
 4  Fax: (510) 834-1928

 5  Attorneys Specially Appearing For Defendants
    DR Horton, Inc., DHI Mortgage Company, Ltd.,
 6  Michael Mason, Daniel Callihan and Annie
    Schankin
 7
```

**FILED**
San Francisco County Superior Court
APR 26 2006
GORDON PARK-LI, Clerk
BY: _____ Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## FOR THE COUNTY OF SAN FRANCISCO
## UNLIMITED JURISDICTION

```
12  PATRICE A. MISSUD,                      Case No. CGC 05-447499
13         Plaintiff,
                                            [PROPOSED] ORDER SUSTAINING
14  vs.                                     MOTION TO QUASH SERVICE OF
                                            SUMMONS AND COMPLAINT
15  DR HORTON, A CORPORATION; DHI
    MORTGAGE, A CORPORATION;                Date:  April 20, 2006
16  MICHAEL MASON, AGENT OF DHI             Time:  9:30 a.m.
    MORTGAGE; DANIEL CALLIHAN,              Dept:  301
17  AGENT OF DHI MORTGAGE; ANNE             Judge: Hon. James L. Warren
    SCHANKIN, AGENT OF DR HORTON,
18
           Defendants.
19
```

**BY FAX**

The Motion to Quash Service of Summons and Complaint and/or to Stay or Dismiss on the Grounds of Forum *Non Conveniens* ("Motion to Quash") filed by defendants D.R. Horton, Inc., DHI Mortgage Company, Ltd., Michael Mason, Daniel Callihan and Annie Schankin ("Defendants") came on regularly for hearing on April 20, 2006 at 9:30 a.m. in Department 301 of the above-entitled Court before the Honorable James L. Warren, Superior Court Judge. Leonard E. Marquez, Esq. of Wendel, Rosen, Black & Dean, LLP appeared on behalf of Defendants and Patrice A. Missud ("Plaintiff") appeared in *pro per*.

ORDER SUSTAINING MOTION TO QUASH SERVICE OF SUMMONS AND COMPLAINT

10332603 hf - 4/21/2006 2:26:21 PM

After full consideration of the Motion to Quash, the Court finds as follows:

1. Plaintiff bears the burden of proof by a preponderance of the evidence to demonstrate that defendant D.R. Horton, Inc. has sufficient minimum contacts with the forum state to justify jurisdiction. *DVI Inc. v. Superior Court of Orange County* (2002) 104 Cal.App.4th 1080, 1090.

2. Defendants' evidence shows that D.R. Horton, Inc. is a Delaware corporation, headquartered in Texas, that does not conduct business in California. Missud has not rebutted this evidence. Any activities of D.R. Horton, Inc.'s subsidiaries in California do not subject it to jurisdiction in California. *DVI Inc., supra*, 104 Cal.App.4th at 1087.

3. That the Offer and Acceptance and Receipt for Deposit (the "Contract") and loan application for the purchase of a home in Nevada was sent by representatives of D.R. Horton, Inc. to Plaintiff in California does not establish, by itself, personal jurisdiction over D.R. Horton, Inc. *See*, Declaration in Support of Jurisdiction over Defendant DR Horton, A Corporation, filed March 10, 2006 ("Missud Decl."), ¶¶6-8. The fact that a nonresident enters into a contract with a forum resident does not by itself establish minimum contacts. *Stone v. State of Texas* (1999) 76 Cal.App.4th 1043, 1048. Nor does the fact that the contract is sent into California for execution establish jurisdiction over the nonresident. *Stone, supra*, 76 Cal.App.4th at 1048.

4. The alleged interstate communications between Plaintiff and representatives of D.R. Horton, Inc. (Missud Decl., ¶¶6-8, 18-20) relating to the attempted purchase and sale of the Nevada home do not establish personal jurisdiction over D.R. Horton, Inc. *R. E. Sanders & Co. v. Lincoln-Richardson* (1980) 108 Cal.App.3d 71, 78 (interstate communications to facilitate sale of real property did not establish personal jurisdiction where seller was an out of state corporation and the substance of the transaction was for the sale of real estate located in another state). Plaintiff dealt directly with the seller's (D.R. Horton, Inc.) and the lender's (DHI) employees located in Nevada, not any in-state agent located in California. Missud Decl., ¶¶5-20. There is no evidence that any of the Defendants' representatives ever came to California in connection with the transaction. *Id.*

- 2 -

ORDER SUSTAINING MOTION TO QUASH SERVICE OF SUMMONS AND COMPLAINT

5. The remaining interstate communications alleged by Plaintiff were with employees of defendant DHI Mortgage Company, Ltd. ("DHI") (formerly known as CH Mortgage Company I, Ltd.), including Michael Mason, a DHI loan officer, and Erin Stator, a DHI loan processor, regarding a loan application submitted by Plaintiff. Missud Decl., ¶¶ 12-17. Those communications do not establish personal jurisdiction over D.R. Horton, Inc. The Court expresses no opinion whether such communications would be sufficient to establish personal jurisdiction over DHI.

6. Accordingly, Plaintiff has failed to carry his burden to demonstrate the requisite minimum contacts for this Court to exercise personal jurisdiction over defendant D.R. Horton, Inc. with respect to the matters at issue in the pending complaint.

7. No proper service of process has been demonstrated with respect to any of the remaining defendants, DHI Mortgage Company, Ltd., Michael Mason, Daniel Callihan and Annie Schankin.

ACCORDINGLY, IT IS HEREBY ORDERED, DECREED AND ADJUDGED that:

1. Defendants' Motion to Quash is SUSTAINED as to defendant D.R. Horton, Inc. for lack of personal jurisdiction. Defendants' Motion to Quash is SUSTAINED as to defendants DHI Mortgage Company, Ltd., Michael Mason, Daniel Callihan and Annie Schankin for failure to properly effect service of process.

2. Pursuant to Code of Civil Procedure sections 418.10 and 581(h), the Clerk of the Court is hereby directed to enter forthwith a dismissal, without prejudice, of plaintiff Patrice A. Missud's entire complaint as to defendant D.R. Horton, Inc.

3. The Court ~~DENIES without prejudice~~ takes off calendar as moot, Defendants' alternative motion to stay or dismiss on the grounds of forum *non conveniens*.

Dated: 4/25/06

_[signature]_
Judge of the Superior Court
JAMES L. WARREN

- 3 -
ORDER SUSTAINING MOTION TO QUASH SERVICE OF SUMMONS AND COMPLAINT

10332603 01 - 4/21/2006 2:26:21 PM