Gillian M. Ross (Bar No. 127116)
Leonard A. Marquez (Bar No. 206885)
**WENDEL, ROSEN, BLACK & DEAN LLP**
1111 Broadway, 24th Floor
Oakland, CA  94607-403
Telephone:  (510) 834-6600
Fax:  (510) 834-1928

Attorneys for Defendants
D.R. Horton, Inc., DHI Mortgage Company, Ltd,
LP., Donald Horton, Donald Tomnitz, Michael
Mason, Daniel Callihan, Annie Schankin and James
Frasure

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| PATRICE A. MISSUD, JULIE D. MISSUD,<br><br>Plaintiff,<br><br>vs.<br><br>D.R. HORTON, INC.; DHI MORTGAGE COMPANY, LTD, LP.; DONALD HORTON; DONALD TOMNITZ; MICHAEL MASON; DANIEL CALLIHAN; ANNIE SCHANKIN; JAMES FRASURE; and DOES 1-200,<br><br>Defendants. | Case No.  C07-2625 JL<br><br>**DECLARATION OF GILLIAN M. ROSS IN SUPPORT OF MOTION TO DISMISS**<br><br>Date:    September 5, 2007<br>Time:    9:30 a.m.<br>Judge:   Hon. James Larson |

I, Gillian M. Ross, declare:

1. I am an attorney at law duly licensed to practice before all of the courts of the State of California and the United States District Court for the Northern District of California. I am a partner with the law firm of Wendel, Rosen, Black & Dean LLP, counsel for defendants D.R. Horton, Inc., DHI Mortgage Company, Ltd., Donald Horton, Donald Tomnitz, Michael Mason, Daniel Callihan, Annie Schankin and James Frasure herein. I have personal knowledge of the matters set forth herein and if called upon could testify competently concerning them.

2. On or about August 22, 2005, plaintiff Patrice A. Missud ("Missud") filed his complaint entitled *Patrice A. Missud v. DR Horton, et al.*, Case No. 05-444247 (the "First Lawsuit"), which alleged two causes of action, both for infliction of emotional distress. A true and correct copy of Missud's complaint dated August 22, 2005 is attached to the Request for Judicial Notice submitted by defendants herewith.

3. On or about October 13, 2005, the defendants in the First Lawsuit filed a Motion to Quash Service of Summons and Complaint and/or to Stay or Dismiss on the Grounds of Forum *Non Conveniens*. The defendants' motion to quash sought to quash service of summons on all of the named defendants because they are not subject to the jurisdiction of a California court. The defendants' motion to quash also sought to stay or dismiss the action because California is a forum *non conveniens*, since the lawsuit arose out of a Nevada transaction and all material witnesses and parties are located in Nevada.

4. The defendants' motion to quash in the First Lawsuit was sustained by the Court on November 9, 2005. A true and correct copy of this Order is attached to the Request for Judicial Notice submitted by defendants herewith.

5. The defendants then submitted a Request for Dismissal and a dismissal of the First Lawsuit was entered on the Court's docket on November 14, 2005.

6. On or about December 9, 2005, Missud filed his second lawsuit (the "Second Lawsuit"). A true and correct copy of Missud's complaint dated December 9, 2005 is attached to the Request for Judicial Notice submitted by defendants herewith.

///

7. After Missud attempted to serve the defendants with the complaint in the Second Lawsuit, the defendants brought a second motion to quash. At the initial hearing on the motion to quash on March 24, 2006, the Court indicated that it was inclined to grant the motion as to all defendants based on defects in service of process but agreed to continue the hearing on the motion in response to Missud's request for more time to cure the service defects on the defendants other than D.R. Horton, Inc. Defendant D.R. Horton, Inc. agreed to waive the defective service of process to permit the Court to proceed to consider the merits of its arguments regarding lack of personal jurisdiction.

8. On or about April 26, 2006, the defendants' second motion to quash was granted as to defendants DHI Mortgage Company, Ltd., Michael Mason, Daniel Callihan and Annie Schankin for failure to properly effect service of process on those defendants. A true and correct copy of this Order is attached to the Request for Judicial Notice submitted by defendants herewith. Defendant D.R. Horton, Inc. having waived defective service, the Court proceed to rule on the merits that there is no personal jurisdiction over D.R. Horton, Inc. *Id.*

9. Subsequently, our office was served by Missud with a series of motions file-endorsed July 21, 2006, including his Motion to Rule on Jurisdiction over Remaining Defendants under Code of Civil Procedure sections 415.10, 20 and 473, a motion for sanctions and a motion to consider Missud's late filed proposed form of order on the second motion to quash. All three of Missud's motions were denied by the Court on or about August 30, 2006. A true and correct copy of this Order is attached to the Request for Judicial Notice submitted by defendants herewith.

10. A third motion to quash service of the summons and complaint was filed by the remaining defendants in the Second Lawsuit, DHI Mortgage Company, Ltd., Michael Mason, Daniel Callihan and Annie Schankin. The remaining defendants' third motion to quash was granted by the Court on September 13, 2006. A true and correct copy of this Order is attached to the Request for Judicial Notice submitted by defendants herewith. The Court found that Mr. Missud failed to establish effective service of process. *Id.*

///

11. After Missud renewed his efforts to serve the remaining defendants in the Second Lawsuit, a fourth motion to quash was filed. On January 11, 2007, the Court granted the motion and ordered the Second Lawsuit be dismissed, finding that there is no personal jurisdiction over the remaining defendants. A true and correct copy of this Order is attached to the Request for Judicial Notice submitted by defendants herewith.

12. On or about October 23, 2006, Missud filed his Complaint for Fraudulent Inducement, Fraudulent Concealment, Intentional Misrepresentation, Breach of Fiduciary Duty, Declaratory Relief and Restitution on behalf of himself and Julie D. Missud (the "Third Lawsuit"). A true and correct copy of the complaint is attached to the Request for Judicial Notice submitted by defendants herewith.

13. On or about January 19, 2007, the defendants filed a fifth Motion to Quash as to the summons and complaint in the Third Lawsuit. Defendants' motion was granted on February 15, 2007, the Court finding that there is no personal jurisdiction over any of the defendants based on the fraud and other claims in the Third Lawsuit. A true and correct copy of this Order is attached to the Request for Judicial Notice submitted by defendants herewith. The Third Lawsuit was dismissed by the Court on February 20, 2007.

14. The pending Complaint for Fraudulent Inducement, Fraudulent Concealment, Intentional Misrepresentation, Breach of Fiduciary Duty, Breach of Contract, Personal Injury, Violation of USC Title 18 Section 1513, Declaratory Relief and Restitution ("Complaint") was filed by Plaintiff on May 17, 2007 in United States District Court for the Northern Division District of California. A true and correct copy of the complaint is attached hereto as **Exhibit A**.

15. A true and correct copy of *Olsen v. Spokane County Sheriff*, 2007 WL 527479 (E.D.Wash. 2007) is attached hereto as **Exhibit B**.

I declare under penalty of perjury and the laws of the United States of America that the foregoing is true and correct.

Dated: July 30 , 2007              */s/ Gillian M. Ross*
                                   Gillian M. Ross