**EXHIBIT B**

Slip Copy                                                                                                          Page 1
Slip Copy, 2007 WL 527479 (E.D.Wash.)
(Cite as: Slip Copy)

Olsen v. Spokane County Sheriff
E.D.Wash.,2007.
Only the Westlaw citation is currently available.
United States District Court,E.D. Washington.
Sherry Lynn OLSEN, Plaintiff,
v.
SPOKANE COUNTY SHERIFF, et al., Defendants.
No. CV-05-0415-MWL.

Feb. 13, 2007.

Sherry Lynn Olsen, Spokane, WA, pro se.
Robert B. Binger, Spokane, WA, for Defendants.

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS
MICHAEL W. LEAVITT, United States Magistrate Judge.
*1 On January 17, 2007, Defendants filed a motion for the dismissal of Plaintiff's complaint pursuant to Fed.R.Civ.P. 12(c). (Ct.Rec .29). In response to Defendants' motion to dismiss, Plaintiff filed two motions to strike (Ct. Rec. 32 & 37), accompanied by supporting memorandum, as well as a statement of facts (Ct.Rec.45). Defendants filed a reply memorandum on February 2, 2007. (Ct.Rec.44). Defendants' motion to dismiss came on for hearing, without oral argument, on February 12, 2007. (Ct.Rec.31). The parties consented to proceed before a United States Magistrate Judge on January 8, 2007. (Ct.Rec.28).

BACKGROUND

Plaintiff brings this action for injuries she allegedly sustained out of contact with Defendants on November 1, 2002, in Spokane, Washington. (Ct.Rec.1, 11). Plaintiff filed a citizen complaint, received by the Sheriff's Office on November 4, 2002, and filed a claim in Spokane County on October 28, 2005. (Ct.Rec.33). However, Plaintiff did not file a complaint with this Court until December 27, 2005. (Ct.Rec.1).

STATUTE OF LIMITATIONS FOR FEDERAL CLAIMS

The United States Supreme Court has established that claims arising under 42 U.S.C. § 1983 are to be governed by statutes of limitations under state law. *Owens v. Okure,* 488 U.S. 235, 249-250 (1989); *see, also, Wilson v. Garcia,* 654 F.2d 546, 547 (9th Cir.1981). The appropriate state statute of limitations for considering 42 U.S.C. § 1983 claims is "the general or residual statute for personal injury actions." *Silva v. Crain,* 169 F.3d 608, 610 (9th Cir.1999) (quoting *Owens,* 488 U.S. at 250. In Washington, the appropriate statute of limitations for 42 U.S.C. § 1983 claims is three years. RCW 4.16.080, *Bagley v. CMC Real Estate Corp.,* 923 F.2d 758, 760 (9th Cir.1991), *cert. denied,* 502 U.S. 1091 (1992); *RK Ventures, Inc. v. City of Seattle,* 307 F.3d 1045, 1058 (9th Cir.2002).

The three-year period of limitations begins to run when the cause of action "accrues." *Malner v. Carlson,* 128 Wn.2d 521, 529 (1996). A federal claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. *Bagley,* 923 F.2d at 760. There is no issue as to when Plaintiff knew of the injury which constituted the basis of this action. In her Statement of Facts, Plaintiff acknowledges that she filed a " detailed complaint with Spokane County Sheriff Dept." on November 4, 2002. (Ct.Rec.45, p. 2). Accordingly, there is no dispute regarding when the statute of limitations began to run in this matter.

The statute of limitations tolls "when the complaint is filed." RCW 4.16.170. The same applies in an action to enforce a federally created right. *Henderson v. United States,* 517 U.S. 654, 657 n. 2 (1996); *Hoffman v. Halden,* 268 F.2d 280, 302 (9th Cir.1959); *rev'd on other grounds, Cohen v. Norris,*

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                                                           Page 2
Slip Copy, 2007 WL 527479 (E.D.Wash.)
(Cite as: Slip Copy)

Case 4:07-cv-02625-SBA    Document 8-3    Filed 07/30/2007    Page 3 of 3

300 F.2d 24 (9th Cir.1962).

Plaintiff argues that because she filed a complaint with Spokane County on October 28, 2005, she " did file her complaint before the statue of limitations had expired." (Ct.Rec.32, p. 2). Plaintiff confuses the effect of filing a claim or complaint with Spokane County with the need to timely file a complaint with a court. The filing of a claim or complaint with a state agency does not amount to the commencement of an action in state court for purposes of tolling the statute of limitations. *See, e.g., Beard v. King County,* 76 Wn.App. 863, 867 (1995). Even if a complaint is filed in state court, it does not toll the running of the statute of limitations against a subsequent action filed in federal court. *Falsetti v. Local Union No.2026, United Mine Workers of America,* 355 F.2d 658, 662 (3d Cir.1966); *Gordon and Breach Science Publishers, Inc. v. Taylor & Francis, Ltd.,* 1989 WL 119676, *2 (E.D.Pa.1989).

*2 Pursuant to the federal rules of civil procedure, a civil action is commenced for federal law claims by filing a complaint with the Court. Fed.R.Civ.P. 3. Plaintiff's complaint was filed with this Court on December 27, 2005. (Ct.Rec.1). Therefore, any claims involving conduct prior to December 27, 2002, are barred by the three-year statute of limitations applicable to 42 U.S.C. § 1983 claims. As noted above, the conduct of which Plaintiff complains occurred in November of 2002. Accordingly, Plaintiff's claims are time-barred.

Based on the forgoing, **IT IS HEREBY ORDERED:**

1. Defendants' motion for dismissal (**Ct.Rec.29**) is **GRANTED** and Plaintiff's third amended complaint (Ct.Rec.11) is **DISMISSED, with prejudice,** for failure to file within the applicable statutory period.

2. Plaintiff's motions to strike (**Ct. Rec. 32 & 37**) are **DENIED.**

3. Judgment shall be entered for **Defendants.**

**IT IS SO ORDERED.** The District Court Executive is directed to enter this order, forward copies to Plaintiff and counsel for Defendants, and **CLOSE** the file.

E.D.Wash.,2007.
Olsen v. Spokane County Sheriff
Slip Copy, 2007 WL 527479 (E.D.Wash.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.