1  Gillian M. Ross (Bar No. 127116)
   Leonard A. Marquez (Bar No. 206885)
2  **WENDEL, ROSEN, BLACK & DEAN LLP**
   1111 Broadway, 24th Floor
3  Oakland, CA  94607-403
   Telephone:  (510) 834-6600
4  Fax:  (510) 834-1928

5  Attorneys for Defendants
   D.R. Horton, Inc., DHI Mortgage Company, Ltd.,
6  Donald Horton, Donald Tomnitz, Michael Mason,
   Daniel Callihan, Annie Schankin and James Frasure
7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                       SAN FRANCISCO DIVISION

11

12 | PATRICE A. MISSUD, JULIE D. MISSUD,                | Case No.  C07-2625 JL                               |
   |                                                    |                                                     |
13 |                                                    | **DEFENDANTS' REPLY BRIEF IN**                      |
   |                  Plaintiff,                        | **SUPPORT OF MOTION TO DISMISS**                    |
14 |                                                    |                                                     |
   |  vs.                                               | [Fed. R. Civ. Proc. 12(b)(2), (6)]                  |
15 |                                                    |                                                     |
   | D.R. HORTON, INC.; DHI MORTGAGE                    | Date:   September 19, 2007                          |
16 | COMPANY, LTD, LP.; DONALD                          | Time:   9:30 a.m.                                   |
   | HORTON; DONALD TOMNITZ;                            | Judge:  Hon. James Larson                           |
17 | MICHAEL MASON; DANIEL                              |                                                     |
   | CALLIHAN; ANNIE SCHANKIN;                          |                                                     |
18 | JAMES FRASURE; and DOES 1-200,                     |                                                     |
   |                                                    |                                                     |
19 |                  Defendants.                       |                                                     |

20

## I. INTRODUCTION

Defendants D.R. Horton, Inc., DHI Mortgage Company, Ltd., Donald Horton, Donald Tomnitz, Michael Mason, Daniel Callihan, Annie Schankin and James Frasure ("Defendants") have moved this Court for an order dismissing plaintiffs Patrice A. Missud and Julie D. Missud's ("Plaintiffs") complaint, pursuant to Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure, on the grounds of lack of personal jurisdiction and the statute of limitations.

Plaintiffs' Opposition is a rambling recitation of Plaintiffs' wild accusations against D.R Horton, Inc. and the other defendants. Plaintiffs failed to submit any admissible evidence establishing personal jurisdiction over any of the Defendants in this Court on the claims alleged in the pending complaint. Plaintiffs' Opposition consists almost entirely of bald accusations and is nearly devoid of citations to any admissible evidence in the record before the Court. Where some attempt is made to cite to purported evidence, Plaintiffs rely on patently objectionable evidence such as print outs from Mr. Missud's anti-D.R.Horton, Inc. websites, such *www.drhortonsucks.info*, a hodgepodge of narrative commentary by Mr. Missud and unauthenticated hearsay. In any event, none of Plaintiffs' arguments in favor of jurisdiction, including their wild claims of wide-spread defrauding of California residents by Defendants, holds up to even the slightest scrutiny.

Furthermore, Plaintiffs have not disputed that the facts, as pled on the face of the complaint, establish that Plaintiffs' emotional distress and fraud claims are all barred by the applicable statute of limitations.

Accordingly, the Court should grant Defendants' motion and order this matter dismissed in its entirety. Plaintiffs' first, second, third, sixth and seventh causes of action should be dismissed with prejudice.

## II. ARGUMENT

### A. The Issue Of Personal Jurisdiction Was Litigated On The Merits In The Prior State Court Proceedings.

Plaintiffs argue that they are not collaterally estopped by the state court's finding that there is no personal jurisdiction over any of the defendants in this state because the issues in this

*DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS - Case No. C07 2625*     - 1 -

012312.0140\823529.1

lawsuit are not identical. Plaintiffs' Opposition, p. 2, ln. 24 *et seq*. In fact, the issue of the existence of personal jurisdiction decided by the state court is identical to the issue before this Court.

Each of the earlier state court lawsuits stemmed from the same transaction, the sale of the home to Plaintiffs and their loan application. Complaint for Intentional Infliction of Emotional Distress, p. 2, ¶¶9-11 and p. 3, ¶9, Request for Judicial Notice ("RJN"), **Exhibit JN1**; Complaint for Intentional Infliction of Emotional Distress, pp. 2-3, ¶¶9-11 and p. 4, ¶9, RJN, **Exhibit JN3**; and Complaint for Fraudulent Inducement, *et al.* (the "State Court Fraud Complaint"), pp. 11-14, ¶¶24-26, RJN, **Exhibit JN7**.

Jurisdiction in the earlier state court lawsuits was asserted on the basis of the same "interstate communications" alleged by Plaintiffs in the pending federal court action. *See e.g.*, State Court Fraud Complaint, p. 14, ¶26, ln. 17 *et seq.*, RJN, **Exhibit JN7** (**"[t]he Plaintiffs had over 30 interstate communications with the Defendants"**) (emphasis added); *c.f.*, Complaint for Fraudulent Inducement, *et al.* (the "Federal Court Fraud Complaint"), p. 13, ¶21, ln. 11 *et seq.*, Declaration of Gillian M. Ross, **Exhibit A** (**"[t]he Plaintiffs had over 30 interstate communications with the Defendants"**) (emphasis added). The issue of the jurisdictional ramifications of those alleged interstate communications was thoroughly litigated in the state court actions.

Plaintiffs suggest the issue is not the minimum contacts with Plaintiffs but the alleged contacts with "over 40 defrauded California consumers" that are at issue. Plaintiffs' Opposition, p. 3, ln. 4 *et seq*. However, Plaintiffs' assertion that defendants have engaged in "systematically contacting **over 40** defrauded California consumers" is wholly without evidentiary support. *Id*. at p. 3, ln. 4-7 (bold in original). **Plaintiffs' brief does not cite any evidence supporting this bald assertion.** *Id*.

Plaintiffs apparently rely upon print outs from Mr. Missud's websites consisting of a morass of unsubstantiated assertions and hearsay accounts of supposed consumer complaints contained in Exhibit 6 to Mr. Missud's declaration. *See*, Declaration of Patrick Missud in Opposition of Motion to Dismiss ("Missud Decl."), 7 and **Exhibit 6** thereto.

1  Besides being objectionable on evidentiary grounds, the supposed consumer complaints
2  are irrelevant to whether this Court has personal jurisdiction over defendants **in relation to the**
3  **Plaintiffs' claims** arising from their purchase of the Nevada home and loan application. *See*,
4  Defendants' Objections to Evidence. This is not a class action lawsuit.

5  In order to establish specific jurisdiction over a non resident defendant, the defendant (1)
6  must do some act or consummate some transaction with the forum or perform some act by which
7  he purposefully avails himself of the privilege of conducting activities in the forum, thereby
8  invoking the benefits and protections; **(2) the claim must be one which "arises out of or results**
9  **from the defendant's forum-related activities;"** and (3) the exercise of jurisdiction must be
10 reasonable. *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995) (emphasis added).

11 Furthermore, the state court did, in fact, entertain and reject Plaintiffs' argument and
12 purported evidence that Defendants' "defrauding" of other Californians subjected them to
13 jurisdiction in California. *See*, Reporter's Transcript of Proceedings, January 11, 2007, p. 4, lns.
14 5-17, Missud Decl., **Exhibit 3**.

15 **B.  Plaintiffs Have Not Shown That Defendants Purposefully Availed Themselves
       Of Forum Benefits By "Contracting" With California Residents For The Sale
16     Of Homes.**

17 Plaintiff argues that defendants have purposefully availed themselves of forum benefits
18 because they have "contracted with over 40 California consumer residents." Plaintiffs'
19 Opposition, p. 4, ln. 15 *et seq*. Plaintiffs, however, have not shown that any of the corporate
20 defendants entered into any contracts for the sale of homes to California residents.

21 Plaintiffs' assertion that the corporate defendants have contracted for the sale of homes
22 with California residents is completely unfounded and unsupported by citation to any admissible
23 evidence. Plaintiffs' Opposition, p. 4, lns. 20-27, p. 3, lns. 9-12; *see also*, Defendants' Objections
24 to Evidence. As was briefed before the state court, D.R. Horton, Inc. is a large national company.
25 It owns a number of different subsidiaries that do business throughout the United States in
26 different markets. Simply because D.R. Horton, Inc. is the parent company of builders operating
27 in California does not subject it to personal jurisdiction in California. It is well established that a
28 parent company's ownership and control of a subsidiary corporation does not, without more,

1 subject the parent corporation to the jurisdiction of the state where the subsidiary does business.

2 *DVI Inc. v. Superior Court of Orange County*, 104 Cal.App.4th 1080, 1087 (2002).

**C. Plaintiffs Cannot Establish Jurisdiction Over Defendants Because Of The Complaints Filed Against Mr. Missud With The California State Bar And The Nevada Board Of Professional Engineers.**

5 Plaintiffs also argue that defendants have purposefully availed themselves of California law by lodging complaints with the State Bar of California and the Nevada Board of Professional Engineers. Plaintiffs' Opposition, p. 5, ln. 1 *et seq*. Both arguments are patently frivolous.

Any complaint to the Nevada Board of Professional Engineers relating to Mr. Missud's improper practice of engineering in Nevada and related violations of applicable Nevada laws and regulations, does not constitute purposeful availment of forum benefits in California. The Nevada State Contractor Board issued a "Violation Letter" to Mr. Missud as a result of his unlawfully advertising as a contractor in that state although he did not have a current Nevada State Contractors license. *See*, Violation Letter dated August 25, 2006, Missud Decl., **Exhibit 5**.

The complaint to the California state bar was lodged by counsel, as Plaintiffs admit. Plaintiffs' Opposition, p. 5, lns. 14-17; *see also*, Letter from the California State Bar Office of the Chief Trial Counsel to Mr. Missud dated November 8, 2006 ("State Bar Letter"), Missud Decl., Exhibit 5 ("complaint filed by Leonard E. Marquez of Wendel, Rosen, Black & Dean, LLP"). Moreover, the complaint was based on Mr. Missud's threatening D.R. Horton, Inc. with criminal, administrative or disciplinary charges to obtain an advantage in civil litigation. *See*, State Bar Letter, Missud Decl., **Exhibit 5**. That activity has no relation to any alleged forum-related activities on the part of D.R. Horton, Inc. and the forum related activities of a third party cannot subject a party to personal jurisdiction. "A defendant may only be subjected to the jurisdiction of the court arising out of his own actions; he is not responsible for the unilateral activities of a third party." *Kronzer v. Burnick*, 2004 WL 1753409 at *4 (N.D.Cal. 2004) (unpublished) citing *Shute v. Carnival Cruise Lines*, 897 F.2d 377, 381 (9th Cir.1990).

26 / / /

27 / / /

28 / / /

**D. Plaintiffs Have Not Shown Any Basis Upon Which To Impose Personal Jurisdiction Over The Individual Defendants.**

As to defendants Donald Tomnitz and Donald Horton, Plaintiffs do not contradict defendants' evidence that neither individual had any involvement with the transaction involving Plaintiffs. Rather, Plaintiffs make a number of wild and unsupported assertions about their roles in the company. Plaintiffs' Opposition, p. 5, ln. 25 *et seq*. Plaintiffs argue, without citation to authority, that all of a corporate defendant's board members are somehow be subject to personal jurisdiction in their individual capacities because they are "responsible" for the "contents of their contracts." *Id*. at p. 6, lns. 3-5.

However, as set forth in defendants' moving papers, the law is clear that each defendant's contacts with the forum state must be assessed individually and personal jurisdiction over a foreign corporation does not automatically confer personal jurisdiction over its nonresident employees. *See*, Defendants' Memorandum of Points and Authorities, p. 10 *et seq*. Plaintiffs have not offered any authority to the contrary or evidence of any conduct on the part of Mr. Tomnitz or Mr. Horton themselves subjecting either of them to jurisdiction in California in relation to Plaintiffs' claims.

As to defendants Schankin, Mason, Callihan and Frasure, Plaintiffs do not offer any evidence of the contacts between any one of those defendants and the Plaintiffs in relation to the claims alleged in Plaintiffs' complaint. *See*, Plaintiffs' Opposition, pp. 6-7.

Even if Plaintiffs had submitted admissible evidence of these individuals' involvement with the transactions involving Plaintiffs, their involvement was limited to interstate phone calls and letters for the purpose of facilitating the purchase of and arranging for the potential financing on the Nevada home. *See*, Plaintiffs' Complaint, p. 13, ln. 9, - p. 15, ln. 4. Those alleged interstate communications have been rejected by the state court, repeatedly, as insufficient to establish personal jurisdiction over any of the defendants:

> The alleged interstate communications between Plaintiff **and representatives of** D.R. Horton, Inc. … relating to the attempted purchase and sale of the Nevada home do not establish personal jurisdiction over D.R. Horton, Inc. [citing *R. E. Sanders & Co. v. Lincoln-Richardson* (1980) 108 Cal.App.3d 71, 78.] **Plaintiff dealt**

> directly with the seller's (D.R. Horton, Inc.) and the lender's (DHI) employees located in Nevada, not any in-state agent located in California. … There is no evidence that any of the Defendants' representatives ever came to California in connection with the transaction.

*See*, Order entered April 26, 2006, ¶4, RJN, **Exhibit JN4** (emphasis added).

> The Court finds that plaintiff failed to demonstrate personal jurisdiction over defendants DHI Mortgage, Michael Mason and Daniel Callihan. **There is no general jurisdiction and Defendants' calls and letters from Nevada in the course of negotiating a possible loan application does not create special jurisdiction.**

*See*, Order entered January 11, 2007, ¶3, RJN, **Exhibit JN8** (emphasis added).

Plaintiffs' references to alleged other homebuyers, the "Songs," the "Yoons," "LaRoche" and "Carter" are not supported by admissible evidence. Nor, even if they were, would they have any relevancy to the existence of jurisdiction over any of the Defendants in this Court.

### E. Plaintiffs Do Not Dispute That Plaintiffs' Emotional Distress Causes Of Action Arose Out Of The Receipt Of The February 12, 2004 Letter.

Although Plaintiffs discuss, at length, the nature of Mr. Missud's supposed "congenital kidney disease," Plaintiffs do not dispute that the emotional distress causes of action alleged in Plaintiffs' complaint accrued once Mr. Missud received the February 12, 2004 letter and allegedly was put into the hospital as a result. Plaintiffs' Opposition, pp. 7-8. Thus, both of these claims are barred by the applicable two year statute of limitations, and Plaintiffs offer no authority suggesting otherwise.

### F. Plaintiffs' Purported Ignorance Of Alleged Frauds "Throughout The Nation" Did Not Toll The Running Of Any Statutes Of Limitations As To Any Of Their Own Supposed Fraud Claims.

Plaintiffs argue they had "no idea" as of February 2004 of the "more than dozen frauds which were rampant throughout the nation" and did not discover this "fraud" until they commenced their campaign of direct mailings to other homeowners in May 2006. Plaintiffs' Opposition, p. 8, ln. 26 *et seq*.

Plaintiffs state that they were aware of **"perhaps some impropriety"** by the time that they had received the February 12, 2004 certified letter on February 19, 2004, but that they

**"intentionally did not at that time claim any fraud."** Plaintiffs' Opposition, p. 8, lns. 22-25 (emphasis added). Thus, Plaintiffs, by their own admission, suspected that they had been defrauded by February 19, 2004.

A cause of action for fraud accrues once a party suspects or should suspect that an injury was caused by wrongdoing. *Kline v. Turner* (2001) 87 Cal.App.4th 1369, 1373-1374 ("[t]he courts interpret discovery in this context to mean … **when the plaintiff suspected or should have suspected that an injury was caused by wrongdoing**. … [t]he statute of limitations begins to run **when the plaintiff has information which would put a reasonable person on inquiry"**).

Knowledge of supposed other wrongdoing, with respect to other homeowners, is irrelevant to whether Plaintiffs suspected that **they** had suffered some injury caused by wrongdoing the part of Defendants.

## III.    CONCLUSION

Plaintiffs have failed to carry their burden of establishing a basis for this Court to exercise personal jurisdiction over any of the Defendants. Wild accusations are not enough. Plaintiffs have the burden of proffering admissible evidence of facts sufficient to demonstrate the existence of "minimum contacts" with the forum state, California. They have failed to do so. Moreover, the allegations on the face of Plaintiffs' complaint show that the alleged tortious conduct occurred in early 2004 and that Plaintiffs were well aware of the facts that, by their own admission, Defendants believed constituted wrongdoing on the part of Defendants. Thus, all of Plaintiffs' claims for emotional distress and fraud claims are barred by the statute of limitations. The Court should grant Defendants' motion and order Plaintiffs' pending complaint be dismissed in its entirely and with prejudice as to Plaintiffs' first, second, third, sixth and seventh causes of action.

Dated: September 5, 2007                                         WENDEL, ROSEN, BLACK & DEAN LLP

By:*/s/Gillian M. Ross*
Gillian M. Ross
Attorneys for Defendants
D.R. Horton, Inc., DHI Mortgage
Company, Ltd., Donald Horton, Donald
Tomnitz, Michael Mason, Daniel Callihan,
Annie Schankin and James Frasure