PATRICE A. MISSUD (Ca. SBN 219614)
91 San Juan Ave.
San Francisco, CA, 94112
415-584-7251 ph/fax
missudpat@yahoo.com

PLAINTIFF in pro per, and
Attorney for Julie D. Missud

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT
OF CALIFORNIA, SAN FRANCISCO DIVISION
UNLIMITED CIVIL JURISDICTION

PATRICE A. MISSUD,
JULIE D. MISSUD

Plaintiffs

vs.

D. R. HORTON, INC.;
DHI MORTGAGE COMPANY, LTD, LP.;
DONALD HORTON; DONALD TOMNITZ;
MICHAEL MASON; DANIEL CALLIHAN;
ANNIE SCHANKIN, JAMES FRASURE;
DOES 1-200

Defendants

Case No. C 07-2625 JL

**SUPPLEMENTAL DECLARATION #2 OF PATRICK MISSUD IN OPPOSITION OF MOTION TO DISMISS LODGING A PARTY ADMISSION THAT IT HAS PURPOSEFULLY AVAILED ITSELF OF THE FORUM'S BENEFITS AND PROTECTIONS.**

**UNLIMITED**

Date: September 19, 2007
Time: 9:30 AM
Judge: Hon. James Larson

C 072625 JL    SUPPLEMENTAL DECLARATION #2 OF PATRICK MISSUD IN OPPOSITION OF MOTION TO DISMISS    1

I, Patrick Missud, declare as follows:

1. I am an attorney at law, duly licensed to practice before all courts of the State of California, in this Federal Court, and am pro per counsel in the above entitled action. I have personal knowledge of the matters set forth herein. If called upon as a witness to testify as to the truth of these matters, I could and would do so competently.

2. A true and correct copy of defendant D R Horton's May 10, 2006 letter rediscovered from within my files on or about August 6, 2007 is attached hereto. The other two of the three letters also within have already been submitted as exhibits and have been appended herewith for convenience and continuity. These exhibits are called for as "Exhibit 5" in the Memorandum and Declaration in Opposition to Dismiss.

3. The May 10, 2006 party admission by defendant D R Horton at the bottom of page one reads "...**we will instruct our attorneys to** immediately file a complaint against you for slander, libel, and trespassing, that a restraining order and preliminary injunction be issued, and to request that they also **file a complaint against you with [the] California Bar Association.**" (Bold for emphasis). As per *Ballard v. Savage,* 65 F. 3d 1495 (9th Cir. 1995), "In order to establish specific jurisdiction over a non resident defendant, the defendant (1) must do some act or consummate some transaction within the forum or **perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections**; (2) the claim must be one which arises out of or results from the defendant's forum related activities; and (3) the exercise of jurisdiction must be reasonable." (Bold for emphasis).

4. The August 18, 2006 party admission by defendant D R Horton at the bottom of page three states that "you should further be advised that if disciplinary action is taken against you by the State Bar of Nevada, **it may result in disciplinary proceedings against you in other jurisdictions and could affect the status of your bar license in those other**

C 072625 JL        SUPPLEMENTAL DECLARATION #2 OF PATRICK MISSUD IN OPPOSITION OF MOTION TO DISMISS        2

1. **jurisdictions.**" (Bold for emphasis). Patrick Missud has only one bar license from the State of California which is the one threatened to be "affected" by defendant D R Horton.

5. The November 8, 2006 official letter from the State Bar of California states and/or intimates that defense counsel Marquez has filed his complaint against Missud on behalf and direction of his client and defendant D R Horton. As per *Shute v. Carnival Cruise Lines*, 897 F.2d 377,381 (9th Cir.1990), "a defendant may only be subjected to the jurisdiction of the court arising out of his own actions; he is not responsible for the unilateral activities of a third party." Defendant D R Horton's May 10, 2006 promise to file with the California State Bar has been fulfilled. The protections of California's laws have been invoked by D R Horton as of November 8, 2006, as in declaration #3 supra.

6. Additional aggrieved consumers have once again submitted their recounts of Defendants' fraudulent activity to the Plaintiffs. The statements have already been forwarded under the penalty of perjury to their respective state regulatory authorities and will be made available at the time of the September 19, 2007 hearing at 9:30AM. Further, all internet consumer contacts will be available to the court for direct communications at this time.

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed in San Francisco, California.

\_\_\_\_\_/S/_____9-7-2007_____

Patrick Missud                                             Date

C 072625 JL    SUPPLEMENTAL DECLARATION #2 OF PATRICK MISSUD IN OPPOSITION OF MOTION TO DISMISS    3



May 10, 2006

Via Facsimile (415) 584-7251
& First Class Mail

Mr. Patrick Missud
91 San Juan Avenue
San Francisco, CA 94112

Re: Issues Concerning NRS 40 Construction Defect Notice
and Future Communications with D.R. Horton, Inc.

Dear Mr. Missud:

Receipt of your NRS 40 Construction Defect Notice is hereby acknowledged. Pursuant to the requirements set forth in this statute, upon receipt of this letter, please provide me with a date when the initial visual inspection can be made by D.R. Horton and its applicable subcontractors. As we are sure you are aware, the statute requires access by the developer and subcontractors within thirty (30) days of receiving the notice.

On a related issue, it is our position that your "expert report" is not valid as you are not licensed in the State of Nevada. Further, you appear to have a conflict of interest, in that you are also the homeowner bringing this claim. We suggest that you retain an independent licensed Nevada engineer to investigate your allegations and provide a report. In the meantime, however, D.R. Horton and its applicable subcontractors will respond to your alleged defects and will repair any items which prove to be valid.

In regards to the Nevada State Contractor Board complaint filed by you, as you know the field representative from the Contractor's Board cancelled the initial inspection previously scheduled for April 17, 2006. We have not yet received a new inspection date from the Contractor's Board, but anticipate receiving that shortly.

According to information and documents you have provided to us, you have been illegally trespassing on our properties currently under construction. In addition, you have been personally soliciting our customers by offering a "free inspection" to be performed by you. D.R. Horton hereby demands that you cease and desist with any further communications and solicitations with our customers and that you keep off of our properties under construction. If you do not comply with these requests, we will instruct our attorneys to immediately file a complaint against you for slander, libel and trespassing, that a restraining order and preliminary injunction be issued, and to request that they also file a complaint against you with California Bar Association.

(702) 433-0928 • Fax: (888) 604-6990
550 Greenbriar Parkway • Henderson, NV 89014
www.drhorton.com
State Contractors License #53379

C 072625 JL    SUPPLEMENTAL DECLARATION #2 OF PATRICK MISSUD IN OPPOSITION OF MOTION TO DISMISS    4

Patrick Missud
May 10, 2006
Page Two

Finally, please direct all future communications related to your D.R. Horton home in Nevada, including correspondence, inquiries and telephone calls directly to the undersigned at the address listed below. Until notified further, do not send any correspondence or contact Joel Odou, Esq. at Wood, Smith, Henning & Berman.

Sincerely,

D.R. HORTON, INC.

Sharron Simmons
Legal Administrator

cc: Joel Odou, Esq.
    Wood, Smith, Henning & Berman



August 18, 2006

Via Facsimile and U.S. Mail

Patrick Missud
91 San Juan Ave.
San Francisco, CA 94112
Fax: 415-584-7251

Re:   Your Unauthorized Practice of Law in Nevada

Dear Mr. Missud:

We are in receipt of your three certified letters addressed to Ed Smith, dated August 11, 2006, and your letter addressed to Sharron Simmons, dated August 16, 2006. It is clear from your correspondence that you are engaging in the unauthorized practice of law in Nevada. Rule 189 of the Nevada Supreme Court Rules, which govern the conduct of lawyers in Nevada, states the following:

Rule 189. Unauthorized practice of law.

  1. **General rule.** A lawyer shall not:
    (a) Practice law in a jurisdiction where doing so violates the regulation of the legal profession in that jurisdiction; or
    (b) Assist another person in the unauthorized practice of law.

  2. **Exceptions.** A lawyer who is not admitted in this jurisdiction, but who is admitted and in good standing in another jurisdiction of the United States, does not engage in the unauthorized practice of law in this jurisdiction when:
    (a) The lawyer is authorized to appear before a tribunal in this jurisdiction by law or order of the tribunal or is preparing for a proceeding in which the lawyer reasonably expects to be so authorized;
    (b) The lawyer participates in this jurisdiction in investigation and discovery incident to litigation that is pending or anticipated to be instituted in a jurisdiction in which the lawyer is admitted to practice;
    (c) The lawyer is an employee of a client and is acting on behalf of the client or, in connection with the client's matters, on behalf of the client's other employees, or its commonly owned organizational affiliates in matters related to the business of the employer, provided that the lawyer is acting in this jurisdiction on an occasional basis and not as a regular or repetitive course of business in this jurisdiction;

330 Carousel Parkway • Henderson, NV 89014
www.drhorton.com
State Contractors License #93179

C 072625 JL   SUPPLEMENTAL DECLARATION #2 OF PATRICK MISSUD IN OPPOSITION OF MOTION TO DISMISS   6

Patrick Missud
August 18, 2006
Page 2

    (d) The lawyer is acting with respect to a matter that is incident to work being performed in a jurisdiction in which the lawyer is admitted, provided that the lawyer is acting in this jurisdiction on an occasional basis and not as a regular or repetitive course of business in this jurisdiction;

    (e) The lawyer is engaged in the occasional representation of a client in association with a lawyer who is admitted in this jurisdiction and who has actual responsibility for the representation and actively participates in the representation, provided that the out-of-state lawyer's representation of the client is not part of a regular or repetitive course of practice in this jurisdiction;

    (f) The lawyer is representing a client, on an occasional basis and not as part of a regular or repetitive course of practice in this jurisdiction, in areas governed primarily by federal law, international law, or the law of a foreign nation; or

    (g) The lawyer is acting as an arbitrator, mediator, or impartial third party in an alternative dispute resolution proceeding.

    3. **Interaction with Rule 42.** Notwithstanding the provisions of subsection 2 of this rule, a lawyer who is not admitted to practice in this jurisdiction shall not represent a client in this state in an action or proceeding governed by Rule 42 unless the lawyer has been authorized to appear under Rule 42 or reasonably expects to be so authorized.

    4. **Limitations.**
    (a) No lawyer is authorized to provide legal services under this rule if the lawyer:
        (1) Is an inactive or suspended member of the State Bar of Nevada, or has been disbarred or has received a disciplinary resignation from the State Bar of Nevada; or
        (2) Has previously been disciplined or held in contempt by reason of misconduct committed while engaged in the practice of law permitted under this rule.
    (b) A lawyer who is not admitted to practice in this jurisdiction shall not:
        (1) Establish an office or other regular presence in this jurisdiction for the practice of law;
        (2) Solicit clients in this jurisdiction; or
        (3) Represent or hold out to the public that the lawyer is admitted to practice law in this jurisdiction.

    5. **Conduct and discipline.** A lawyer admitted to practice in another jurisdiction of the United States who acts in this jurisdiction pursuant to subsection 2 of this rule shall be subject to the Nevada Rules of Professional Conduct and the disciplinary jurisdiction of the Supreme Court of Nevada and the State Bar of Nevada as provided in Rule 99.

    According to your correspondence, you are acting on behalf of third parties in connection with a legal dispute in Nevada. Your letters make factual allegations, draw legal conclusions, propose remedies, make demands and threaten legal action if the demands are not complied with, all on behalf of these third parties. Not only do these activities constitute legal services in Nevada for which you are not licensed, the legal disputes for which these services are being rendered are of your own making. Your past correspondence with this office plainly indicates that you have actively solicited your neighbors to join your own personal dispute with D.R. Horton.

C 072625 JL    SUPPLEMENTAL DECLARATION #2 OF PATRICK MISSUD IN OPPOSITION OF MOTION TO DISMISS    7

Patrick Missud
August 18, 2006
Page 3

While you attempt to sidestep the issue by identifying yourself as a "consumer advocate," your own letterhead identifies you as "Attorney at Law." That you hold a bar license in California does not alter the fact that you lack a bar license in Nevada. As such, you are not authorized to render legal services in Nevada and your activities on behalf of third parties are in violation of Nevada Supreme Court Rule 189 as well as other ethical rules.

Please be advised that if you do not immediately cease these unauthorized activities, we will have no choice but to file a complaint with the State Bar of Nevada's Disciplinary Board. You should further be advised that if disciplinary action is taken against you by the State Bar of Nevada, it may result in disciplinary proceedings against you in other jurisdictions and could affect the status of your bar license in those other jurisdictions.

Sincerely,

D.R. HORTON, INC.

David S. Jennings
Legal Counsel

DSJ/ss

Cc:   David Morice, Chris Barnette

C 072625 JL         SUPPLEMENTAL DECLARATION #2 OF PATRICK MISSUD IN OPPOSITION OF MOTION TO DISMISS         8

---

**THE STATE BAR OF CALIFORNIA**
1149 SOUTH HILL STREET, LOS ANGELES, CALIFORNIA 90015-2299

OFFICE OF THE CHIEF TRIAL COUNSEL
INTAKE

TELEPHONE: (213) 765-1080
TDD: (213) 765-1566
FAX: (213) 765-1168
http://www.calbar.ca.gov

November 8, 2006

**PERSONAL AND CONFIDENTIAL**

Patrick A. Missud, Esq.
91 San Juan Ave
San Francisco, CA 94112

RE:   Inquiry Number:   06-26033

Dear Mr. Missud:

The State Bar is in receipt of a complaint filed against you by Leonard E. Marquez of Wendel, Rosen, Black & Dean, LLP. We are directing this communication to you based on our information that you are not currently represented by counsel in this matter. If we are incorrect, please promptly advise the undersigned in writing so that future communications may be directed to your counsel.

In his complaint, it is alleged that you have violated Rule 5-100 of the California Rules of Professional Conduct by threatening his client, D.R. Horton, Inc. with criminal, administrative or disciplinary charges to obtain an advantage in a civil dispute. He alleged that these threats were made in your letters dated, December 2, 2005, September 7, 2006, September 14, 2006, September 18, 2006, September 21, 2006, and your email dated August 24, 2006.

We are requesting that you provide a **signed written response** to these allegations. Please enclose any documentation available to support your response. We must receive your response **before November 27, 2006**. Should you have any questions, I may be contacted at (213) 765-1285.

Thank you for your anticipated cooperation.

Very truly yours,

Shilie Chen
Complaint Analyst

SC

---

C 072625 JL   SUPPLEMENTAL DECLARATION #2 OF PATRICK MISSUD IN OPPOSITION OF MOTION TO DISMISS   9

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28  C 072625 JL        SUPPLEMENTAL DECLARATION #2 OF PATRICK MISSUD IN OPPOSITION OF MOTION TO DISMISS        10