1  Gillian M. Ross (Bar No. 127116)
   Leonard A. Marquez (Bar No. 206885)
2  **WENDEL, ROSEN, BLACK & DEAN LLP**
   1111 Broadway, 24th Floor
3  Oakland, CA  94607-403
   Telephone:  (510) 834-6600
4  Fax:  (510) 834-1928

5  Attorneys for Defendants
   D.R. Horton, Inc., DHI Mortgage Company, Ltd.,
6  Donald Horton, Donald Tomnitz, Michael Mason,
   Daniel Callihan, Annie Schankin and James Frasure
7

8                       UNITED STATES DISTRICT COURT

9                      NORTHERN DISTRICT OF CALIFORNIA

10                           SAN FRANCISCO DIVISION

11

12 | PATRICE A. MISSUD, JULIE D. MISSUD, | Case No.  C07-2625 JL |
13 | | **SUPPLEMENTAL OBJECTIONS TO PLAINTIFFS' EVIDENCE IN OPPOSITION TO MOTION TO DISMISS** |
   | Plaintiff, | |
14 | vs. | |
15 | | **[Fed. R. Civ. Proc. 12(b)(2), (6)]** |
16 | D.R. HORTON, INC.; DHI MORTGAGE COMPANY, LTD, LP.; DONALD HORTON; DONALD TOMNITZ; MICHAEL MASON; DANIEL CALLIHAN; ANNIE SCHANKIN; JAMES FRASURE; and DOES 1-200, | Date:      September 19, 2007<br>Time:      9:30 a.m.<br>Judge:     Hon. James Larson |
17 | | |
18 | | |
19 | Defendants. | |

1  Defendants D.R. Horton, Inc., DHI Mortgage Company, Ltd., Donald Horton, Donald
2  Tomnitz, Michael Mason, Daniel Callihan, Annie Schankin and James Frasure ("Defendants")
3  hereby submit the following supplemental objections to evidence submitted by plaintiffs Patrice
4  A. Missud and Julie D. Missud ("Plaintiffs") in opposition to Defendants' Motion to Dismiss.
5  The following objections relate to Plaintiffs' Supplemental Declaration #2 of Patrick Missud in
6  Opposition of Motion to Dismiss Lodging a Party Admission That it Has Purposefully Availed
7  Itself of the Forum's Benefits and Protections which was filed and served on September 6, 2007.

**I.   OBJECTIONS TO EVIDENCE SUMMITED BY PLAINTIFFS**

| PLAINTIFFS' EVIDENCE: | OBJECTIONS TO EVIDENCE: |
|---|---|
| 1. *"The May 10, 2006 party admission by defendant D R Horton at the bottom of page one reads '…we will instruct our attorneys to immediately file a complaint against you for slander, libel, and trespassing, that a restraining order and preliminary injunction be issued, and to request that they also file a complaint against with [the] California Bar Association.' As per Ballard v. Savage, 65 F. 3d 1495 (9th Cir. 1995), "In order to establish specific jurisdiction over a non resident defendant, the defendant (1) must do some act or consummate some transaction within the forum or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections; (2) the claims must be one which arises out of or results from the defendant's forum related activities; and (3) the exercise of jurisdiction must be reasonable." (Bold for emphasis)."* **Supplemental Declaration #2 of Patrick Missud in Opposition of Motion to Dismiss Lodging a Party Admission That it Has Purposefully Availed Itself of the Forum's Benefits and Protections ("Missud Suppl. Decl. #2"), ¶3.** | 1. Irrelevant; Lack of Foundation/Personal Knowledge; Inadmissible Opinion/Expert Testimony; Hearsay.<br><br>Federal Rules of Evidence ("Fed. R. Evid.") 401, 402, 602, 702, 703 and 802; *McHugh v. United Service Automobile Ass'n* (9th Cir. 1999) 164 F.3d 451, 454 (declarations containing inadmissible opinion as to issues of law must be disregarded); *Mannick v. Kaiser Foundation Health Plan, Inc.* (N.D. Cal. 2006) 2006 WL 1626909 at *20 (paragraphs of declaration containing inappropriate legal argument and argument as to the legal significance of documents should be stricken) (unpublished). |

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, CA 94607-4036

| PLAINTIFFS' EVIDENCE: | OBJECTIONS TO EVIDENCE: |
|---|---|
| 2. "*The August 18, 2006 party admission by defendant D R Horton at the bottom of page three states that "you should further be advised that if disciplinary action is taken against you by the State Bar of Nevada, it may result in disciplinary proceedings against you in other jurisdictions and could affect the status of your bar license in those other jurisdictions." (Bold for emphasis). Patrick Missud has only one bar license from the State of California which is the one threatened to be "affected" by defendant D R Horton.*" **Missud Suppl. Decl. #2, ¶4.** | 2. Irrelevant; Lack of Foundation/Personal Knowledge; Inadmissible Opinion/Expert Testimony; Hearsay.<br><br>Fed. R. Evid. 401, 402, 602, 702, 703 and 802; *McHugh, supra,* 164 F.3d at 454 (declarations containing inadmissible opinion as to issues of law must be disregarded); *Mannick v. Kaiser Foundation Health Plan, Inc.* (N.D. Cal. 2006) 2006 WL 1626909 at *20 (paragraphs of declaration containing inappropriate legal argument and argument as to the legal significance of documents should be stricken) (unpublished). |
| 3. "*The November 8, 2006 official letter from the State Bar of California states and/or intimates that defense counsel Marquez has filed his complaint against Missud on behalf and direction of his client and defendant D R Horton. As per Shute v. Carnival Cruise Lines, 897 F.2d 377,381 (9th Cir. 1990), 'a defendant may only be subjected to the jurisdiction of the court arising out of his own actions; he is not responsible for the unilateral activities of a third party.' Defendant D R Horton's May 10, 2006 promise to file with the California State Bar has been fulfilled. The protections of California's laws have been invoked by D R Horton as of November 8, 2006, as in declaration #3 supra.*" **Missud Suppl. Decl. #2, ¶5.** | 3. Irrelevant; Lack of Foundation/Personal Knowledge; Inadmissible Opinion/Expert Testimony; Hearsay.<br><br>Fed. R. Evid. 401, 402, 602, 702, 703 and 802; *McHugh, supra,* 164 F.3d at 454 (declarations containing inadmissible opinion as to issues of law must be disregarded); *Mannick v. Kaiser Foundation Health Plan, Inc.* (N.D. Cal. 2006) 2006 WL 1626909 at *20 (paragraphs of declaration containing inappropriate legal argument and argument as to the legal significance of documents should be stricken) (unpublished). |

| PLAINTIFFS' EVIDENCE: | OBJECTIONS TO EVIDENCE: |
|---|---|
| 4. *"Additional aggrieved consumers have once again submitted their recounts of Defendants' fraudulent activity to the Plaintiffs. The statements have already been forwarded under the penalty of perjury to their respective state regulatory authorities and will be made available at the time of the September 19, 2007 hearing at 9:30 AM. Further, all internet consumer contacts will be available to the court for direct communications at this time."* **Missud Suppl. Decl. #2, ¶6.** | 4. Irrelevant; Hearsay.<br><br>Fed. R. Evid. 401, 402 and 802. |

Respectfully submitted.

Dated: September 7, 2007

WENDEL, ROSEN, BLACK & DEAN LLP

By:*/s/Gillian M. Ross*
   Gillian M. Ross
   Attorneys for Defendants
   D.R. Horton, Inc., DHI Mortgage Company, Ltd., Donald Horton, Donald Tomnitz, Michael Mason, Daniel Callihan, Annie Schankin and James Frasure

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, CA  94607-4036

012312.0140\823886.1

*NOTICE OF MOTION AND MOTION TO DISMISS; MPA IN SUPPORT OF MOTION TO DISMISS*
*Case No. C07 2625*

-1-